356 So.2d 294 (1978)
STATE of Florida, Appellant,
v.
Harold WALLS and Stanley Gerstenfeld, Appellee.
No. 50822.
Supreme Court of Florida.
March 2, 1978.
Robert L. Shevin, Atty. Gen., Marsha G. Madorsky, Asst. Atty. Gen., David H. Bludworth, State's Atty., and John Scarola, Asst. State's Atty., West Palm Beach, for appellant.
J. Brian Brennan of Brennan, Brown & Avery, West Palm Beach, for appellee.
KARL, Justice.
We have for review on petition for writ of certiorari granted an interlocutory order of the trial court upholding the constitutional validity of Sections 934.02(2), 934.03 and 934.06, Florida Statutes (1975). We *295 have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Without respondents', defendants below, prior consent to the electronic interception, Francis Antel, the alleged victim of extortionary threats, electronically recorded a conversation which occurred in his home on February 19, 1975, between himself and the respondents. The interception was not made by a law enforcement officer or a person acting under the direction of a law enforcement officer. Antel alleged and would testify that the conversation included extortionary threats and would personally testify to the nature of those threats at trial.
The defendants are charged by information with the crime of extortion. The State seeks to introduce as evidence at trial the electronic recording of the alleged extortioning threats to corroborate the victim's testimony. The defendants seek to suppress the electronic recording under the provisions of Chapter 934, Florida Statutes, as amended by Chapter 74-249, Laws of Florida.
In his amended order on rehearing, the trial judge concluded that an extortionary threat delivered personally to the victim in the victim's home is an "oral communication" as defined in Section 934.02(2), Florida Statutes, that this electronic recording without consent of all the parties to the communication was an illegal interception prohibited by Section 943.03, Florida Statutes, and that use of the electronic recording as evidence is prohibited by Section 934.06, Florida Statutes. Granting the motion to suppress, the trial judge expressly ruled Sections 934.02(2), 934.03 and 934.06 constitutional.
Section 934.02(2), Florida Statutes (1975), provides:
"`Oral communication' means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting."
Section 934.03, Florida Statutes (1975), provides in part:
"Except as otherwise specifically provided in this chapter, any person who:
"(a) Willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire or oral communication;
"(b) Willfully uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication[s] when:
"1. Such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or
"2. Such device transmits communications by radio or interferes with the transmission of such communication;
"(c) Willfully discloses, or endeavors to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subsection; or
"(d) Willfully uses, or endeavors to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subsection;
"shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
.....
"(2)(d) It is lawful under this chapter for a person to intercept a wire or oral communication when all of the parties to the communication have given prior consent to such interception."
Section 934.06, Florida Statutes (1975), provides:
"Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, *296 or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure of that information would be in violation of this chapter."
We agree with the trial court that an extortionary threat delivered personally to the victim in the victim's home is an "oral communication" within the definition of Section 934.02(2), Florida Statutes (1975); that pursuant to Section 934.03, Florida Statutes (1975), the electronic recording of such "oral communication" without the consent of all parties to the communication was prohibited; and that Section 934.06, Florida Statutes (1975), expressly prohibits the use of such electronic recording as evidence. The subject electronic recording did not fall within any of the situations permitting interception delineated in Section 934.03(2), Florida Statutes (1975). Section 934.06, Florida Statutes (1975), contains no exception to the prohibition against use of the illegally intercepted wire or oral communication as evidence.
Appellant argues that such electronic recording may not constitutionally be suppressed from evidence and that Section 934.03, Florida Statutes (1975), is unconstitutionally overbroad as applied to this cause. Appellant in effect requests this Court to create an exception to Section 934.06, Florida Statutes (1975), and Section 934.03, Florida Statutes (1975).
The language of the statutes in question is clear and unambiguous, and no exception for the situation we have before us is provided. This Court cannot substitute its judgment for that of the Legislature and create an exception which would encompass the instant circumstances. State v. Egan, 287 So.2d 1 (Fla. 1973); State ex rel. Green v. City of Pensacola, 126 So.2d 566 (Fla. 1961). Cf. Wagner v. Botts, 88 So.2d 611 (Fla. 1956). The function of this Court is to interpret the law and is neither to legislate nor determine the wisdom of the policy of the Legislature. Holley v. Adams, 238 So.2d 401 (Fla. 1970). Recently, upholding the constitutional validity of Section 934.03(2)(d), Florida Statutes (1975), this Court, in Shevin v. Sunbeam Television Corporation, 351 So.2d 723 (Fla. 1977), opined:
"This was a policy decision by the Florida legislature to allow each party to a conversation to have an expectation of privacy from interception by another party to the conversation."
The Supreme Court of the United States, in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), opined:
"But the protection of a person's general right to privacy  his right to be let alone by other people  is, like the protection of his property and of his very life, left largely to the law of the individual States."
In Markham v. Markham, 272 So.2d 813 (Fla. 1973), this Court adopted the decision of the District Court of Appeal, First District, Markham v. Markham, 265 So.2d 59 (Fla. 1st DCA 1972), which had been certified as presenting a question of great public interest. The District Court, therein, determined that the contents of an intercepted wire communication should have been suppressed and quoted from Commonwealth v. McCoy, 442 Pa. 234, 275 A.2d 28 (1971), wherein the court had sustained the suppression of an intercepted telephone conversation, as follows:
"... Hence the Legislature has determined as a matter of state public policy that the right of any caller to the privacy of his conversation is of greater societal value than the interest served by permitting eavesdropping or wiretapping."
Chapter 934 was designed to effectively protect the privacy of oral and wire communications and to protect the integrity of court and administrative proceedings. By Chapter 934, the Legislature delineated the circumstances and conditions under which oral and wire communications could be authorized. The Legislature chose to prohibit unauthorized interception and use of the contents of such interception in evidence in courts and administrative proceedings. We observe that the exception contended for by *297 appellant is not workable. Had Antel suspected that an extortionary threat would be made, he could have taken the appropriate action designated by Chapter 934 for authorization of the interception.
Sub judice, no harm derives from the suppression of the tape recording since the victim is free to testify as to the alleged extortionary threats.
We find the statutes in question are constitutional as applied to this cause, and accordingly, we affirm the judgment of the trial court suppressing the subject electronic recording.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.