447 So.2d 386 (1984)
Anthony Paul INCIARRANO, Appellant,
v.
STATE of Florida, Appellee.
No. 83-750.
District Court of Appeal of Florida, Fourth District.
March 14, 1984.
*387 Melvyn Schlesser of Isenberg & Schlesser, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
This appeal presents the issue of the admissibility of an oral communication purportedly intercepted in violation of Chapter 934, Florida Statutes (1981).
Anthony Paul Inciarrano was indicted for having unlawfully, feloniously and with premeditated design caused the death of Earvin Herman Trimble, also known as Michael Anthony Phillips, by shooting him on July 6, 1982.
The existence of a tape recording allegedly containing conversations between Inciarrano and Trimble was disclosed in response to a demand for discovery, whereupon Inciarrano filed a motion to suppress the tape recording as being violative of Chapter 934, Florida Statutes.
At the hearing on the motion to suppress, evidence was adduced that the victim, Trimble, worked as a psychologist and marriage counselor under the pseudonym of Doctor Michael Phillips. His office was located in the Trestle Building in Broward County. At approximately 3:30 to 3:40 p.m. on July 6, 1982, the sounds of muffled gunshots were heard by another tenant in the Trestle Building. Subsequently, Trimble's body was found in his office, the victim of a homicide. There were five bullet holes in the body. The investigating officers discovered a tape recorder in the office which contained the tape subject to the motion to suppress. Appellant testified that the voice on the recording was his. The tape, played for the court, contained a conversation between appellant and the victim concerning a business deal gone sour. The conversation ended abruptly with the sound of five gunshots followed by moaning and sounds like the gushing of blood. Upon cessation of those sounds, footsteps *388 could be heard departing the scene, ending with the closing of a door. Then silence.
It is conceded, and the trial court found, that the issue of admissibility of the tape recording is dispositive of the case. There is no other evidence against appellant. The trial court denied the motion to suppress at a hearing on November 8, 1982.
On April 11, 1983, appellant changed his plea to nolo contendere reserving his right to appeal denial of the motion to suppress. The trial court sentenced appellant to life imprisonment.
The contents of the tape are a mixture of oral communication and identifiable sounds other than oral communication. Nonetheless, it seems probable that suppression of the oral communication would require suppression of the subsequent sounds since they are relevant only to the issue of identification of appellant as the individual creating the sounds of gunfire and identification of the victim as the source of the sounds of a dying man.
Chapter 934 proscribes the interception of wire or oral communications except under certain very limited circumstances. The prohibition is contained in Section 934.03(1)(a), Florida Statutes (1981). The question is whether the statute prohibits the recording by one party to an oral communication of his conversation with another nonconsenting party. The case of State v. Walls, 356 So.2d 294 (Fla. 1978), on its face, requires an affirmative answer to this inquiry. The facts as stated by the court in Walls were:
Without respondents', defendants below, prior consent to the electronic interception, Francis Antel, the alleged victim of extortionary threats, electronically recorded a conversation which occurred in his home on February 19, 1975, between himself and the respondents. The interception was not made by a law enforcement officer or a person acting under the direction of a law enforcement officer. Antel alleged and would testify that the conversation included extortionary threats and would personally testify to the nature of those threats at trial.
356 So.2d at 295.
The court held that each party to a conversation had a legitimate expectation of privacy, so that its interception by another party was appropriately circumscribed by Section 934.03(2)(d), citing Shevin v. Sunbeam Television Corporation, 351 So.2d 723 (Fla. 1977). The basis of the court's holding was that the statute was clear and unambiguous and provided no exception for the facts present in Walls. The court said "[t]his Court cannot substitute its judgment for that of the Legislature and create an exception which would encompass the instant circumstances... . The function of this Court is to interpret the law and is neither to legislate nor determine the wisdom of the policy of the Legislature." Walls, 356 So.2d at 296.
In order to "interpret the law" it is obviously necessary to ascribe a meaning to each word used in the legislation, whether the term be ambiguous or abundantly clear. With all due respect to the supreme court and precedent, we make the following observations with regard to the terms "intercept" and "oral communication."
A reasonable layman familiar with the game of football might well comment that if a pass from the quarterback to the tight end of the team on offense was scored as an interception, the quarterback might be more than a little chagrined. It would be assumed that such a play is more properly scored a reception. On the other hand, if the offensive quarterback throws a pass and it is received by a defensive guard, an interception occurs. Thus, in common parlance, the term interception implies a stopping by someone other than the intended receiver. To ascribe to the legislature an intent to embellish the term with a meaning without precedent in the contemporary language or the statutory law seems strained.
The term intercept is not really defined in Chapter 934. What passes for a definition simply designates the means of interception with no consideration as to the parties *389 involved or their relationship to the communication being intercepted. Therefore, the definition is incomplete. On the other hand, the vagueness of the definition and thus of the statute is overcome if we ascribe to the word the meaning customarily assigned to it. Doing so would, we believe, change the result in those cases where a party to a wire or oral communication records the same without any intervention by a third party. Such an interpretation applied in the present case would obviate any objection to admissibility based upon Chapter 934.
Further, referring back to the Walls case, the question of whether the communication in that case constituted an interception was apparently conceded by the state and therefore not analyzed as an issue requiring determination by the court in order to decide the case. On that basis we suggest that Walls may not absolutely dictate the result in the present case.
Another term used in Chapter 934, operative here, is "oral communication." It is important to note that the statute speaks of communication as an "oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation...." § 934.02(2), Fla. Stat. (1981). The legislature is presumed to know the law in passing statutes and consequently the legislation is to be construed upon the premise that the particular statute in question is to be applied relative to other statutes affecting the same subject matter. In our case it would appear that the legislature fully understood that only under certain circumstances does an individual have a right of privacy; that is, only where it is determined in retrospect that there was a reasonable expectation of privacy which society is willing to recognize. That this is a reasonable interpretation of the statute seems undeniable in view of the use by the legislature of the phrase "circumstances justifying such expectation." If this be so, as we suggest it is, then not every oral communication is entitled to the privilege bestowed by the statute. Appellant visited the victim not as a patient but as one intent on doing harm to the individual in lawful possession of the business office. We suggest that appellant had no reasonable expectation of privacy in that office. For that reason, the communication should not be privileged. This is so even if appellant originally had come to the office as a patient. One who enters the business premises of another for a lawful purpose is an invitee. At the moment that his intention changes, that is, if he suddenly decides to steal or pillage, or murder, or rape, then at that moment he becomes a trespasser and has no further right upon the premises. Thus here, if appellant ever had a privilege, it dissolved in the sound of gunfire.
We make one final comment to call attention to a significant difference between Walls and the present case. There, the court pointed out in closing that "no harm derives from the suppression of the tape recording since the victim is free to testify as to the alleged extortionary threats." Walls, 356 So.2d at 297. The consequences in the present case will be significantly different. Suppression of the tape recording here will leave the state without a case.
As we have noted, the supreme court in Walls was not directly confronted with the issue of whether or not the recording of a conversation by one of the participants is a prohibited interception. That issue was however presented and directly decided in State v. Tsavaris, 394 So.2d 418 (Fla. 1981). In that case, as we recognized in Chiarenza v. State, 406 So.2d 66 (Fla. 4th DCA 1981), petition for rev. denied, 413 So.2d 875 (Fla. 1982), the recording of a telephone conversation by one of the parties was held to be prohibited by Chapter 934. We do not attempt to distinguish that holding, but simply urge respectfully that it be reconsidered, particularly in light of Chief Justice Alderman's dissent in Tsavaris and Judge Danahy's thorough analysis of this aspect of the statute in State v. Tsavars, 382 So.2d 56 (Fla. 2d DCA 1980), aff'd, 394 So.2d 418 (Fla. 1981).
*390 The foregoing analysis, particularly with reference to the legislature's intention in adopting Chapter 934, Florida Statutes, is reinforced by the stated intention contained in the act itself. The legislature specifically finds the act necessary (1) "[i]n order to protect effectively the privacy of wire and oral communications ..." and (2) "[t]o safeguard the privacy of innocent persons... ." Section 934.01, Fla. Stat. (1981). We suggest again that the material on the tape here in question is not the product of an expectation of privacy that society should recognize ("1" above) nor does appellant appear to be within the class of individuals the statute is designed to protect ("2" above). That being so the exclusion ought not apply. No matter how pernicious the "crime" of non-consensual recording of a conversation may seem to appear, the crimes of homicide and extortion must certainly be considered vastly more heinous. To prohibit the former by imposing a felony penalty is one thing; to inhibit prosecution of the latter by adding an exclusionary rule is quite another. Compare Horn v. State, 298 So.2d 194 (Fla. 2d DCA 1974), cert. denied, 308 So.2d 117 (Fla. 1975) wherein the court refused to consider the weight of the crimes. We have suggested that the legislature did not intend to include within the prohibition of the statute a recording made by one of the parties to a two-party conversation. We are restrained by apparent precedent from giving effect to that interpretation here.
We have not failed to consider the possible implication of principles of constitutional dimension involved in the trial court's denial of the motion to suppress.
Prior to its amendment in 1982, Section 12 of Article I provided:
SECTION 12. Searches and seizures.  The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence.
This constitutional exclusionary rule was based in language, policy and effect upon the judicially created exclusionary rule under the Fourth Amendment to the Constitution of the United States. That rule is made applicable to the states in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The rule is applicable only to constitutional violations. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). The Fourth Amendment was a restriction against government action only. Irvine v. California, 347 U.S. 128, 74 S.Ct. 381, 98 L.Ed. 561 (1954). Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). From the foregoing, it follows that the exclusionary rule as applied to the interception of wire or oral communications by an individual (not involving government action) is based neither on the Federal nor the Florida constitution, but has its genesis within Chapter 934 as a legislatively imposed exclusionary rule. § 934.06, Fla. Stat. (1981). The right of privacy itself is directed toward unwarranted governmental interference, not actions by individuals. One would suppose that imposition of a conviction and sentence for a felony would be a sufficient deterrent to insure compliance with Chapter 934, Florida Statutes. Any additional deterrent effect arising from the imposition of an exclusionary rule pales by comparison with the right of society to have a judicial system, the goal of which is to decide controversies on the basis of all of the facts which are relevant and material. An artificial exclusion ipso facto defeats that goal.
We are nonetheless constrained by Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), to reverse the order denying appellant's motion to suppress on the authority of State v. Walls, supra.
*391 We certify to the Florida Supreme Court the following question as one of great public interest, recognizing that it is substantially the same question as certified in State v. Tsavaris, 382 So.2d at 65:
Does the recording of a conversation by one of the participants constitute the interception of an oral communication within the meaning and intent of Chapter 934, Florida Statutes (1981)?
We reverse the order denying appellant's motion to suppress and remand for further proceedings.
REVERSED and REMANDED.
ANSTEAD, C.J., and DOWNEY, J., concur.