NIMMONS, Judge.
The Duval County School Board (“School Board”) appeals from an order of the State of Florida Commission on Human Relations (“Commission”) finding that the School Board had violated the age discrimination provisions of the Human Rights Act of 1977, Section 760.01-.10, Florida Statutes (1983),[1] by refusing to reemploy on annual contract Robert Morrow, a teacher who had reached 70 years of age. We reverse.
Morrow was employed continuously as a teacher in the Duval County school system from 1962 through June, 1983. He received tenured, or continuing contract, status in 1965. He reached age 70 in September, 1981. During the 1981-82 school year, Morrow was informed by school officials that in view of his having attained the age of 70, he would be subject to the provisions of Section 231.031, Florida Statutes, at the close of the school year. That section provides:
231.031 Maximum age for continued employment of instructional personnel. Notwithstanding the provisions of s. 112.044, no person shall be entitled to continued employment in any instructional capacity in the public schools of this state after the close of the school year following the date on which he attains 70 years of age; however, upon recommen *159 dation of the superintendent, the person may be continued in employment beyond such date, subject to annual reappointment in the manner prescribed by law. Nothing contained herein shall apply to employment limited to substitute and part-time teaching.
Subsequently, Morrow received an annual contract for the school year 1982-83 and continued teaching at Forrest High school. In April, 1983, Morrow was informed that he would not receive a contract for the ensuing 1983-84 school year.
Morrow filed a complaint with the Human Relations Commission alleging an unlawful employment practice under Section 760.10, Florida Statutes. He claimed that he was not continued in employment solely because of his age. The School Board did not, and does not, dispute the fact that Morrow’s age was the sole factor in not allowing him to continue teaching in the Duval County school system. In fact, it is not disputed that Morrow consistently received high performance evaluations throughout his teaching career, including his last year.
Voluntary conciliation having failed, Morrow’s petition for relief was referred by the Commission, pursuant to section 120.57, Florida Statutes, and Rule 22T-9.08(5) and 22T-8.16(2), Florida Administrative Code, to the Division of Administrative Hearings for the purpose of conducting an evidentia-ry hearing and submitting a recommended order.
A hearing was held before the hearing officer who subsequently submitted a recommended order finding that the School Board had committed an unlawful employment practice under Section 760.10, and recommending that Morrow be awarded back wages and benefits and that the School Board be ordered to evaluate his request for continued employment without reference to his age. Essentially, the Commission’s final order adopted the hearing officer’s recommended order.
This case boils down to legal issues involving the proper application of Section 231.031 and its interplay with Sections 112.044 and 760.10. The School Board construes Section 231.031 as permitting the School Board the authority to refuse to continue to employ 70 year old tenured teachers solely because of their age. Morrow and the Commission, on the other hand, assert that the proper interpretation of Section 231.031, as stated in the recommended order and final order, is that although the 70 years old’s tenure status is automatically terminated by Section 231.-031 because of his age, the decision not to rehire the 70 year old on an annual contract basis may not be made on the basis of the teacher’s age. We believe the Commission erred and that the School Board’s interpretation is the correct one.
Section 760.10 of the Human Rights Act of 1977 provides, in pertinent part:
(1) It is an unlawful employment practice for an employer:
(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals’ race, color, religion, sex, national origin, age, handicap, or marital status.
The term “employer” under the above section is not limited to public employers.
Section 112.044 prohibits public employers from engaging in certain discriminatory acts based on age. Section 112.044(3)(a)l. provides:
(3) PROHIBITED ACTIVITIES; EXCEPTIONS.
(a) Except as provided in paragraph (f), it is unlawful for an employer to:
(1) Fail or refuse to hire, discharge or mandatorily retire, or otherwise discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment because of age.
Prior to its amendment in 1980, Section 231.031 simply prohibited the employment of any teacher who had reached 70 years of age, except for substitute and part-time teaching. Chapter 80-295, Section 7, Laws *160 of Florida, changed the statute to its present form and is reproduced as follows showing the additions and deletions effectuated by the amendments.
231.031. Maximum age for continued employment of instructional personnel. Notwithstanding the provisions of s. 112.044, no person shall be entitled to continued employment employed in any instructional capacity in the public schools of Florida after the close of the school year following the date on which he attains 70 years of age; provided, however, that upon recommendation of the superintendent, the person may be continued in employment beyond such date, subject to annual reappointment in the manner prescribed by law. Nothing contained herein this provision shall net apply to employment limited to substitute and part-time teaching.
The rationale for the construction of Section 231.031 advanced by Morrow and the Commission is articulated in the following excerpt of the Commission’s final order:
This panel agrees with the Hearing Officer’s interpretation that the phrase “in the manner prescribed by law” [contained in Section 231.031] includes a realization of the existence of Section 760.-10(l)(a), Florida Statutes. It is a recognized principle of statutory construction that the “legislature is presumed to know the law in passing statutes and consequently the legislation is to be construed upon the premise that the particular statute in question is to be applied relative to other statutes affecting the same subject matter.” Inciarrano v. State, 447 So.2d 386, 389 (Fla. 4th DCA 1984). In this case, Section 231.031, Florida Statutes, can be harmonized with Section 760.10, Florida Statutes, by reading the first clause of Section 231.031, Florida Statutes, as an automatic reversion of tenured teachers who attain the age of 70 to annual contract employees and by reading the second clause of Section 231.-031 as prescribing the manner for annual reappointment.
This appears to us a contorted construction of Section 231.031. It is abundantly clear that the phrase “annual reappointment in the manner prescribed by law” refers to the procedural requirements of Section 230.33(7)[2], not to the provisions of Section 760.10 which section includes the proscription against age discrimination much the same as Section 112.044, a section which is even more specific than Section 760.10 (in the sense that Section 112.044 deals only with age discrimination and applies specifically to public employers) and which the legislature saw fit to specifically except from the operation of Section 231.031.
Moreover, the appellees’ suggestion that Section 231.031’s first clause should — presumably because of its use of the phrase “continued employment” — be limited to the effect upon tenured, or continuing contract, teachers simply runs counter to the plain meaning of the statute. Under the statute’s unambiguous language, it is “continued employment” to which the 70 year old teacher is not entitled, and not simply tenure or continuing contract status.[3] Such is borne out by the use of virtually the same phrase in the second clause (“continued in employment”) as is used in the first clause (“continued employment”). Thus, the rationale for the dichotomous meaning of the first and second, clauses, as suggested in the Commission’s order, supra, fails.
REVERSED.
JOANOS, J., concurs.
SHIVERS, J., dissents with written opinion.

. Unless otherwise indicated, all statutory references are to Florida Statutes (1983).

. For example, Section 230.33(7)(a) provides, in pertinent part:
"All nominations for reappointment of members of the instructional staff shall be made after conferring with the principals and shall be submitted in writing to the school board at least 6 weeks before the close of the post-school conference period.”

. The terms "tenured teacher" and "continuing contract" are used synonymously. See, e.g. Texton v. Hancock, 359 So.2d 895 (Fla. 1st DCA 1978).