514 So.2d 1086 (1987)
Robert P. MORROW, Petitioner,
v.
DUVAL COUNTY SCHOOL BOARD, Respondent.
DEPARTMENT OF ADMINISTRATION, etc., Petitioners,
v.
DUVAL COUNTY SCHOOL BOARD, Respondent.
Nos. 69424, 69430.
Supreme Court of Florida.
October 1, 1987.
Rehearing Denied November 24, 1987.
Robert J. Winicki and Barry L. Anderson of Mahoney, Adams, Milam, Surface & Grimsley, Jacksonville, for Robert P. Morrow.
Dana C. Baird and Danica W. Parker, Tallahassee, for Dept. of Admin.
Gerald A. Schneider, General Counsel and Neill W. McArthur, Jr., Asst. Counsel, Jacksonville, for respondent.
Leslie Holland, Staff Counsel, Tallahassee, for Florida Educ. Ass'n/United, AFT, AFL-CIO, amicus curiae.
Charlene Miller Carres of Meyer, Brooks and Cooper, P.A., Tallahassee, for Florida Teaching Profession-Nat. Educ. Ass'n, amicus curiae.
OVERTON, Justice.
This is a petition to review Duval County School Board v. Department of Administration, 500 So.2d 158 (Fla. 1st DCA 1986), concerning the employment status of a public school teacher who has reached age seventy. On motion for rehearing, the district court certified the following question of great public importance:
Does a county school board have the right, by virtue of the provisions of section 231.031, Florida Statutes, to refuse to rehire a teacher on an annual contract on the sole basis that such teacher has reached age seventy?
Id. at 161. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the question in the negative.
Robert Morrow began teaching in the Duval County school system in 1962. Morrow's performance evaluations, including *1087 those for his last year, were consistently excellent. Morrow received tenure in 1965. During the 1981-82 school year, school officials informed Morrow that because he reached age seventy in September, 1981, he was subject to section 231.031, Florida Statutes (1985):
Maximum age for continued employment of instructional personnel.  Notwithstanding the provisions of s. 112.044, no person shall be entitled to continued employment in any instructional capacity in the public schools of this state after the close of the school year following the date on which he attains 70 years of age; however, upon recommendation of the superintendent, the person may be continued in employment beyond such date, subject to annual reappointment in the manner prescribed by law. Nothing contained herein shall apply to employment limited to substitute and part-time teaching.
Morrow subsequently received an annual contract for the 1982-83 school year, but in April, 1983, he was not rehired for the 1983-84 school year. Morrow filed a complaint with the Human Relations Commission, alleging an unlawful employment practice under section 760.10, Florida Statutes (1985). That section provides, in pertinent part:
(1) It is an unlawful employment practice for an employer:
(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.
(Emphasis supplied.)
The school board did not dispute petitioner's claim that age was the only reason Morrow was not rehired. The Commission referred Morrow's complaint to the Department of Administrative Hearings to conduct an evidentiary hearing and submit a recommended order. The hearing officer agreed with Morrow that the school board had not complied with section 760.10 and recommended back wages, benefits, and a reevaluation of Morrow's employment request without reference to age.
On appeal, the First District Court of Appeal reversed and interpreted section 231.031's clause "annual reappointment in the manner prescribed by law" as referring to the procedural requirements of hiring teachers contained in section 230.33(7). The opinion concluded that section 231.031 grants the school board the right to refuse to rehire a teacher on an annual contract solely because the teacher has reached age seventy. We disagree with that interpretation because it fails to take into consideration section 760.10, Florida Statutes (1985).
Section 760.10, Florida Statutes (1985), is part of the Human Rights Act of 1977. This Act is intended to implement, in part, article I, section 2, of the Florida Constitution.[*]Cf. § 760.01(2), Fla. Stat. (1985). One year prior to enacting the Human Rights Act, the Florida Legislature enacted the Florida Age Discrimination in Employment Act, prohibiting age discrimination by public employers. This act is now codified in section 112.044, Florida Statutes (1985). The Human Rights Act prohibits discrimination by both public and private employers. See, e.g., Housing Authority of Sanford v. Billingslea, 464 So.2d 1221 (Fla. 5th DCA 1985). Florida's legislation is similar to the federal Age Discrimination in Employment Act of 1967, which prohibits employers from discriminating on the basis of age. 29 U.S.C. § 621 et seq. The policy behind Florida's statute is similar to the policy behind the federal legislation, "to promote employment of older persons based on their ability rather than age" and *1088 to "prohibit arbitrary age discrimination in employment." 29 U.S.C. § 621(b); e.g., Johnson v. Mayor of Baltimore, 472 U.S. 353, 105 S.Ct. 2717, 86 L.Ed.2d 286 (1985); cf. § 760.01(2), Fla. Stat. (1985). As remedial legislation, Florida's act should be liberally construed to promote its intended purpose. § 760.01(3), Fla. Stat. (1985).
We find that section 231.031 should be read in pari materia with section 760.10 and section 112.044, in a manner that gives effect to the purposes of all three statutory provisions. See, e.g., Singleton v. Larson, 46 So.2d 186, 190 (Fla. 1950); Howarth v. City of Deland, 117 Fla. 692, 701, 158 So. 294, 298 (1934).
We read section 231.031's language "no person shall be entitled to continued employment" as removing tenure rights from a full-time public school teacher after he or she has reached age seventy. We find the statute places a full-time, overseventy teacher in the position of an at-will employee on a year-to-year contract basis. We reject the contention that the statute's language permits termination of a teacher solely on the basis of age. Such an interpretation ignores, and directly contradicts, the policy expressed in Florida's Human Rights Act. Forced retirement based solely on age is not required by section 231.031.
Further, we agree with Judge Shivers' comments in his dissent concerning the phrase "annual reappointment in the manner prescribed by law" in section 231.031. This provision does not refer only to the procedural requirements of section 230.33(7), Florida Statutes (1985), but also encompasses the age discrimination protection found in section 760.10 of the Human Rights Act. We find that the provisions of section 231.031 that exempt the school board from section 112.044 of the age discrimination act apply only to the school board's ability to remove a teacher from tenured status after reaching age seventy. Florida's Human Rights Act and the Florida Age Discrimination in Employment Act prohibit denying an over-seventy-age teacher an annual contract based solely on age.
The United States Supreme Court has identified two primary harms caused by arbitrary age discrimination. First, it deprives the national economy of millions of Americans' productive labors, while imposing substantially increased costs for social security and unemployment payments. Second, it inflicts on individual workers the economic and psychological injury accompanying the loss of opportunity to engage in productive and satisfying occupations. Equal Employment Opportunity Comm'n v. Wyoming, 460 U.S. 226, 231, 103 S.Ct. 1054, 1057, 75 L.Ed.2d 18 (1983). Both the State of Florida and the federal government have established clear policy that citizens should not be discriminated against because of age. We note that in October, 1986, the federal government removed the seventy-year maximum age limit from the federal act. P.L. 99-592, Oct. 31, 1986.
For the reasons expressed, we disapprove the decision of the district court of appeal and direct that it reinstate the order of the administrative hearings officer.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Article I, section 2, of the Florida Constitution reads as follows:

Basic rights.  All natural persons are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property; except that the ownership, inheritance, disposition and possession of real property by aliens ineligible for citizenship may be regulated or prohibited by law. No person shall be deprived of any right because of race, religion or physical handicap.