785 So.2d 570 (2001)
John L. PRESTON, as Personal Representative of the Estate of Myrtha Preston, Deceased, Appellant,
v.
HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, authorized to operate Heartland Health Care Center/Lauderhill, a Florida corporation, Appellee.
No. 4D00-1141.
District Court of Appeal of Florida, Fourth District.
April 4, 2001.
Rehearing Denied June 5, 2001.
Robert McFann of McFann, Beavers & Kaplan, William J. Wichmann of William J. Wichmann, P.A., Fort Lauderdale, Jane Kreusler-Walsh and Rebecca J. Mercier of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellant.
G. Bart Billbrough, Mara J. Hornstein, and Barry A. Postman of Cole White & Billbrough, P.A., Miami, for appellee.
*571 POLEN, J.
Appellant, the personal representative of the estate of Myrtha Preston ("decedent"), appeals from an order dismissing his claim against Health Care and Retirement Corporation of America ("Health Care") with prejudice for failure to comply with the pre-suit requirements of the Medical Malpractice Act ("Malpractice Act"). He argues that those pre-suit requirements do not apply in a suit against a nursing home alleging the violation of the resident's rights for providing inadequate medical care. We agree and, thus, reverse.
Appellant sued Health Care, who was authorized to operate Heartland Health Care Center/Lauderhill ("Heartland"), the decedent's nursing home, for wrongful death under section 400.023, Florida Statutes (1997), of the Florida Nursing Home Act. Both counts alleged that the decedent died as a result of Heartland's care and treatment. Specifically, appellant alleged, in pertinent part, that Health Care violated the decedent's resident rights under the Florida Nursing Home Act by failing to provide her with sufficient nutrition and fluids to prevent malnutrition and dehydration which resulted in her death.
Health Care then moved to dismiss the complaint for failure to comply with the pre-suit requirements under section 766.106 of the Malpractice Act. It is undisputed that appellant did not serve the requisite Notice of Intent, or otherwise participate in the ninety-day pre-suit investigation period as set forth by the Malpractice Act. The trial court, however, denied the motion, citing NME Properties, Inc. v. McCullough, 590 So.2d 439, 441 (Fla. 2d DCA 1991) as support. Health Care then filed an answer, raising the affirmative defense that appellant failed to exhaust the pre-suit requirements of section 766.106 predicated upon deficient medical care.
After conducting discovery, Health Care moved for summary judgment again based on appellant's failure to comply with the pre-suit requirements of the Malpractice Act. It claimed that the action was predicated upon the failure of Heartland's professional staff in their treatment of the decedent. It, therefore, argued that the medical malpractice pre-suit requirements applied to this case because those professionals were under the purview of the Malpractice Act.
After reviewing the motion, the trial court agreed with Health Care and entered final summary judgment in its favor. The court, therefore, dismissed the case without prejudice in order to allow appellant the opportunity to re-file the case under the Malpractice Act and to comply with the pre-suit requirements under section 766.106. Appellant subsequently moved for rehearing, but this motion was denied. This timely appeal followed.
This issue was first addressed by the McCullough court in 1991. In that case, the second district held that although a nursing home is not a health care provider as defined under chapter 766, the notice provisions of the Malpractice Act apply to a negligence action against a nursing home if the professional medical negligence standard of care set forth in section 766.102 applied to the active tortfeasorthe agent or employee of the nursing home. Id. at 441. Thereafter, the Florida Supreme Court, in an unrelated case, agreed with the McCullough court that the proper test for determining whether a defendant is entitled to notice under section 766.106(2) is whether the defendant is directly or vicariously liable under the medical negligence standard of care set forth in section 766.102(1). Weinstock v. Groth, 629 So.2d 835, 838 (Fla.1993).
*572 After McCullough, however, the Florida legislature amended section 400.023 in two critical ways. See ch. 93-217, § 4, at 2259-60, Laws of Fla. First, it created a separate pre-suit investigatory requirement for cases brought under Chapter 400, which provides,
Claimants alleging a deprivation or infringement of adequate and appropriate health care pursuant to s. 400.022(1)(k) which resulted in personal injury to or the death of a resident shall conduct an investigation which shall include a review by a licensed physician or registered nurse familiar with the standard of nursing care for nursing home residents pursuant to this part. Any complaint alleging such a deprivation or infringement shall be accompanied by a verified statement from the reviewer that there exists reason to believe that a deprivation or infringement occurred during the resident's stay at the nursing home.
§ 400.023(4), Fla. Stat. Second, the legislature significantly restricted a claimant's ability to allege vicarious liability for the actions of a health care provider by adding section 400.023(3), which states:
A licensee shall not be liable for the medical negligence of any physician rendering care or treatment to the resident except for the services of a medical director as required in this part. Nothing in this subsection shall be construed to protect a licensee from liability for failure to provide a resident with appropriate observation, assessment, nursing diagnosis, planning, intervention, and evaluation of care by nursing staff.
§ 400.023(3), Fla. Stat.
Although Weinstock was decided after these amendments became effective, the Supreme Court did not discuss their application, presumably because the underlying case did not involve a suit under Chapter 400. Further, none of the cases addressing this issue over the next several years considered the 1993 amendments. See First Healthcare Corp. v. Hamilton, 740 So.2d 1189 (Fla. 4th DCA), review dismissed, 743 So.2d 12 (Fla.1999); Correa v. Robertson, 693 So.2d 619 (Fla. 2d DCA 1997); Linkemar v. Health Care & Retirement Corp. of Am., No. 996909-CIV-HIGHSMITH, 1999 WL 984428 (S.D.Fla. 1999). Recently, however, the second district, in Integrated Health Care Services, Inc. v. Pauline Lang-Redway, 783 So.2d 1108 (2001), held these changes to section 400.023 make it likely that the Act's pre-suit requirements would not apply in most, if not all, cases in which the plaintiff's theory is limited to a violation of rights under Chapter 400. Id.
We agree with Integrated Health Care Services, Inc. that the Malpractice Act's pre-suit requirements do not apply where the plaintiff alleges only that a nursing home violated a resident's rights under Chapter 400. The Legislature is presumed to know the state of the law in passing statutes, and consequently, the legislation is to be construed on the premise that the particular statute in question is to be applied relative to other statutes affecting the same subject matter. Inciarrano v. State, 447 So.2d 386 (Fla. 4th DCA 1984), quashed on other grounds, 473 So.2d 1272 (Fla.1985). Here, the nursing home statute creates a "right to receive adequate and appropriate health care," § 400.022(1)(l), Fla. Stat. (1997), and creates a private right of action for deprivation of a nursing home resident's statutory rights. § 400.023(1), Fla. Stat. Although section 766.106 applies to suits involving general medical negligence, we conclude that the legislature, by enacting the 1993 amendments, clearly intended that the less comprehensive pre-suit requirements of section 400.023(4) should apply where the plaintiff alleges only that a nursing home violated a resident's right to adequate health care.
*573 In this respect, we note that section 400.023(4) was enacted long after section 766.106 and we do not see how the two can be harmonized. As a general rule of statutory construction, a special statute controls over a general statute. See McKendry v. State, 641 So.2d 45 (Fla. 1994). Here, while section 766.106 applies to general medical negligence cases, section 400.023(4) specifically applies to suits involving a nursing home's failure to provide a resident with adequate health care. Because the legislative language of section 400.023(4) is unequivocal on the specific subject to which it speaks, it need not be "harmonized" with section 766.106, an inconsistent, general, and earlier-enacted statute. See McKendry, 641 So.2d at 46. Accordingly, we hold that appellant was not required to comply with section 766.106 where his only claim was under Chapter 400.
REVERSED.
SHAHOOD and HAZOURI, JJ., concur.