[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14156
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-62289-JIC

MENAS BARSORIAN,

Plaintiff-Appellant,

versus

GROSSMAN ROTH, P.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 23, 2014)

Before CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Menas Barsorian appeals the district court's grant of summary judgment and denial of his motion for reconsideration on claims brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10.  Barsorian contends that the district court erred in concluding that no reasonable juror could find that Grossman Roth's proffered reason for his demotion and termination was pretextual or that Barsorian's age was the "but for" cause of his demotion and termination.  He also argues that the district court abused its discretion in denying his motion for reconsideration.

## I.

Barsorian was hired by the law firm of Grossman Roth in 2003 to serve as the director of its IT department.  He was then fifty-eight years old.  During the eight years that Barsorian served in this capacity, he never received any negative performance evaluations.  However, the firm contends that its IT network had numerous shortcomings while Barsorian was its head.  According to the firm, the system was "constantly locking up," which caused employees to lose work, remote access to it was unreliable, and the firm's technology was generally outdated.  The firm also claims that Barsorian was absent from the office during work hours a lot, particularly on Fridays.  It maintains that he was verbally reprimanded for being absent on several occasions.

2

The first indication that Barsorian's job security might be threatened came in April 2011. According to him, a new partner in the law firm, David Buckner, came into Barsorian's office around that time and said, "We are going to refresh the IT department." Barsorian admitted in his deposition that he could not be sure whether Buckner's comment referred to replacing the personnel in the IT department or updating the technology itself. But he relies on that statement to show that the firm discriminated against him because of his age — that its plan was to terminate him and bring in someone younger.

Despite Barsorian's interpretation of that statement as indicating an intent to discriminate, there is evidence that Grossman Roth was becoming increasingly dissatisfied with its information systems. In May 2011 the firm retained DataCorp, an independent IT consulting firm, to conduct an assessment of its systems. DataCorp conducted a "health check assessment" of Grossman Roth's IT infrastructure and prepared a report detailing its findings and recommendations. The report, dated May 2, 2011, stated that the IT department was functional but "not adequate to keep pace with [the firm's] business continuity and systems high-availability mandates." It identified specific "points of failure" that needed to be addressed in order to "improve productivity, mitigate the risks of system downtime, and offer the [firm's] user community a more robust, secure, and scalable operating environment." The firm's managing partner, Neal Roth, stated

3

under oath that he "lost confidence" in Barsorian after reading the report and made the decision to terminate him. Mr. Roth testified in a deposition that he alone made the decision to do so, and that he was not aware of Barsorian's age at the time.

Barsorian was demoted from the position of IT director to the position of assistant IT director on May 13, 2011. According to Grossman Roth, it decided to hire a new IT director to address the problems created by Barsorian's "misfeasance and neglect." Hugo Perez of DataCorp recommended Javier Lozada for the job. Lozada was thirty-nine years old, but Perez maintained in his deposition that the ages of Lozada and Barsorian were never mentioned. Grossman Roth hired Lozada, and Barsorian stayed on to train him for nine months until Barsorian was fired in February 2012. He was sixty-six years old at the time of both his demotion and termination.

Barsorian mounted two legal challenges to his termination. First, he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that his firing violated the Americans with Disabilities Act (ADA). Barsorian alleged that the law firm fired him because he had a medical disability that is expensive to treat and caused the insurance premium to increase. The merits of that claim are not at issue in this appeal. Second, Barsorian filed this lawsuit in state court, asserting that his discharge violated the ADEA and FCRA.

4

Grossman Roth removed the case to federal district court.

After removing the case, Grossman Roth moved to dismiss Barsorian's complaint on the basis that his ADA claim with the EEOC demonstrated that he was not discharged because of his age. The district court denied the motion to dismiss, finding that Barsorian was entitled to plead alternative theories of relief, and Grossman Roth filed its answer and affirmative defenses. The firm later filed a motion for summary judgment, arguing that Barsorian could not establish a prima facie case of age discrimination because his age was not the "but for" cause of his discharge and because Barsorian could not show that the firm's proferred legitimate reasons for firing him were pretextual. In support of its argument that Barsorian's age was not the "but for" cause of his termination, Grossman Roth pointed to the fact that Barsorian had also filed an ADA claim with the EEOC. Thus, in Grossman Roth's view, Barsorian's ADA claim constituted an "admission" that "his age was not the 'but for reason' for his discharge." The firm attached a copy of Barsorian's charge of discrimination in the ADA case to its motion for summary judgment.

The district court granted the motion. It held that Barsorian had established a prima facie case of age discrimination but that he had failed to show that Grossman Roth's proffered reason for firing him — that he had inadequately performed his job — was pretextual. In the penultimate paragraph of its

5

seventeen-page order, the district court mentioned Barsorian's ADA charge of discrimination. It noted that that claim, "coupled with [his] failure to produce <u>any</u> circumstantial evidence that the reason given for his discharge was a pretext," indicated that "not even [Barsorian] believed that he was discharged because of his age." The court thus concluded that, even if Barsorian had been able to establish pretext, he could not show that his age was a "but for" cause of his termination.

The district court entered final judgment on its order and Barsorian's counsel withdrew. Barsorian then filed a <u>pro</u> <u>se</u> motion with the district court in which he raised two grounds for relief. He first challenged the district court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and then sought relief from the judgment under Federal Rule of Civil Procedure 60(b)(3)(6). His jurisdictional argument was premised on the fact that the district court had considered his ADA claim. Barsorian argued that the district court lacked jurisdiction to consider that claim when ruling upon Grossman Roth's motion for summary judgment because jurisdiction remained with the EEOC in that case. His argument that he was entitled to relief from the judgment under Rule 60(b)(3)(6) was based on his assertion that Grossman Roth had made fraudulent misrepresentations of fact, cited irrelevant case law in order to confuse him, and "retaliated" against him for filing the ADA claim by "illegally and unfairly requir[ing him] to 'testify' in his deposition" about it. While this motion was

6

pending, Barsorian on September 12, 2013, filed a notice of appeal of the court's grant of summary judgment to Grossman Roth.

The district court denied Barsorian's motion, which it construed as a motion for reconsideration. After that denial, Barsorian on October 25, 2013 filed an amended notice of appeal designating for appeal the summary judgment order and the order denying his Rule 12(b)(1) and Rule 60(b)(3)(6) motion. Grossman Roth, for its part, had filed a motion to tax costs, which the court granted in part in February 2014. Barsorian did not file a new notice of appeal. He did, however, file in this Court a self-styled motion to stay, reverse, and vacate the district court's order granting in part the motion to tax costs.

## II.

We review de novo a district court's grant of summary judgment, considering the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor. Ellis v. England, 432 F.3d 1321, 1325 (11th Cir. 2005). Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. See id.; see also Fed. R. Civ. P. 56(a).

The district court granted summary judgment in favor of Grossman Roth because it found that Barsorian had failed to show that the firm's proffered, nondiscriminatory reason was pretextual. The district court also found, in the

7

alternative, that summary judgment was appropriate because Barsorian had failed to establish that his age was the "but for" cause of his termination.  Although the district court articulated two reasons for its grant of summary judgment, we address only the first one because it by itself compels affirmance.

The ADEA prohibits an employer from firing an employee who is 40 years old or older "because of" the employee's age.  See 29 U.S.C. §§ 623(a)(1), 631(a). The FCRA contains a provision to the same effect.  See Fla. Stat. § 760.10(1)(a). As a result, "[a]ge discrimination claims brought under the Florida Civil Rights Act have been considered within the same framework used to decide actions brought pursuant to the ADEA."  Zaben v. Air Prods. & Chems., 129 F.3d 1453, 1455 n.2 (11th Cir. 1997); see Morrow v. Duval Cnty. Sch. Bd., 514 So. 2d 1086, 1087 (Fla. 1987).  Because of the statutes' similarity, our analysis of Barsorian's claims under both statutes is the same.

In the district court Barsorian sought to establish age discrimination indirectly through circumstantial evidence.  Compare Van Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 512 F.3d 1296, 1300 (11th Cir. 2008) (defining direct evidence as "[o]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age") (quotation omitted) with Standard v. A.B.E.L. Servs., 161 F.3d 1318, 1330 (11th Cir. 1998) ("[R]emarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not

8

direct evidence of discrimination."). The district court properly analyzed his claim through the framework set forth by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), and found that Barsorian had established a prima facie case of age discrimination. Kragor v. Takeda Pharmas. Am., Inc., 702 F.3d 1304, 1308 (11th Cir. 2012). Barsorian's initial burden was satisfied upon a showing that he was a member of the protected class (people over the age of forty) who was fired from a job he was qualified for and replaced by a person outside of the protected class. See id. at 1309. Under the McDonnell Douglas framework, once he established his prima facie case, the burden shifted to the employer to rebut the presumption of discrimination. Id. at 1308. Grossman Roth satisfied that burden by producing evidence that it fired Barsorian after DataCorp, the third-party technology consultant, found that various elements of the firm's IT system were outdated and needed to be upgraded, which caused the firm's managing partner to "los[e] confidence" in Barsorian.

After Grossman Roth rebutted the presumption of discrimination by offering that legitimate, nondiscriminatory reason for Barsorian's termination, the burden shifted back to Barsorian. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 2106 (2000). He then had to come forward and "show that [Grossman Roth's] stated reason [was] a pretext for discrimination." Kragor, 702 F.3d at 1308. In order to show pretext, a plaintiff must demonstrate

that the employer's proffered reason is not the true reason for the adverse employment decision. Brooks v. Cnty. Comm'n of Jefferson Cnty., 446 F.3d 1160, 1162–62 (11th Cir. 2006). A plaintiff can show that the proffered reason is not believable by pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation, but a reason is not pretextual unless it is shown both that the reason was false and that age discrimination was the real reason. Id. at 1163 (quotation omitted). Nor can a plaintiff show pretext by "quarreling with the wisdom of that reason" or substituting his business judgment for that of the employer's. Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). Even a showing that the employer fired the employee on the basis of an incorrect assessment is insufficient, for if the employer honestly but mistakenly believed it had accurate information, then its decision to terminate the employee was not discriminatory. Elrod v. Sears. Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991). What is required instead is that the plaintiff meet the employer's proffered reason "head on and rebut it." Chapman, 229 F.3d at 1030. In this sense, the district court's inquiry is limited to "whether the employer gave an honest explanation of its behavior." Id.

There is no dispute in this case that Grossman Roth hired an outside analyst to evaluate its IT system, received negative feedback about that system, and demoted and fired Barsorian, the man in charge of the IT system, afterward. That

is the basic core of evidence supporting Grossman Roth's assertion that it fired

Barsorian because it believed his performance was deficient.  It is a legitimate,

nondiscriminatory reason.  See Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228

(11th Cir. 1993) ("An employer's good faith belief that an employee's

performance is unsatisfactory constitutes a legitimate nondiscriminatory reason for

termination.").  And none of the grounds that Barsorian cites meets that reason

"head on and rebut[s] it."  Chapman, 229 F.3d at 1030.

Barsorian raises three arguments on appeal.  First, he argues that Buckner's

allegedly ageist statement about refreshing the IT department, combined with Mr.

Roth's supposed statement that firing Barsorian was "not my call" supports an

inference that Mr. Roth was influenced by Buckner's discriminatory desire to fire

Barsorian.[1]   Second, he asserts that a comparison of resumes establishes that he is

more qualified than his replacement, Jorge Lozada.  According to him, that fact

suggests that the firm's proffered reason was not its real reason.  And third, he

contends that the DataCorp report upon which Grossman Roth relied was

inaccurate.[2]

---

[1]  Although Barsorian does not explain the connection between those two statements as
explicitly as we have here, it is appropriate to consider them together as a coherent argument in
light of our duty to liberally construe pro se briefs.  See United States v. Webb, 565 F.3d 789,
792 (11th Cir. 2009).

[2]  Barsorian's attorney raised other arguments when opposing summary judgment in the
district court, but Barsorian does not raise them here.  As a result, we decline to address them.
See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a

11

Two of those arguments — the second and third — are waived, as our review is limited to issues raised before the district court. See Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877 (1976); Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 990 (11th Cir. 1982). This rule applies even to pro se litigants, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), and its application here is especially appropriate in light of the fact that Barsorian had the assistance of counsel in the district court. Even assuming those arguments are not waived, they demonstrate a fundamental misunderstanding of the nature of the issue. We do not ask whether an employer's decision to fire an employee was the right decision. An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Nix v. WLCY Radio/Rahall Comms., 738 F.2d 1181, 1187 (11th Cir. 1984). Thus, we are not concerned with whether the report of DataCorp, which is not a party, was accurate or if Barsorian's qualifications are in reality superior to Lozada's. The proffered reason for his termination was not his lack of qualifications, but the belief that the IT department was not functioning as well as it should. "[O]ur sole concern is whether unlawful discriminatory animus motivate[d]" the decision.

---

pro se litigant are deemed abandoned"). We cannot assess arguments that are not presented to us.

Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999). There is no evidence that an unlawful animus was at work here.

Barsorian's only remaining argument concerns Buckner's remark about refreshing the IT department and Mr. Roth's alleged statement that firing Barsorian was not his call. This argument is flawed. First, as Barsorian conceded, he has no evidence that Buckner's statement about the need to "refresh the IT department" referred to the IT department's lone employee, Barsorian, or an update to the technology itself. In light of the technological problems that Grossman Roth was having, Buckner's statement could have referred to the technology and not to Barsorian. Second, even if Buckner's statement meant that the IT department's personnel needed to be refreshed, his use of the word refresh does not in itself suggest an age-based animus. See Ransom v. CSC Consulting, Inc., 217 F.3d 467, 469–70 (7th Cir. 2000) (concluding that the statement "refresh the officer pool" did not suggest a preference for younger employees but instead referred to corporate behavior).

Third, Barsorian has presented no evidence that Buckner was the one who made the decision to fire him or influenced it. To the contrary, Mr. Roth testified that Buckner had no influence on the decision to fire Barsorian, and even Barsorian admitted that Mr. Roth, as managing partner, had final decisionmaking power over him. Thus, even if Buckner's comment related to Barsorian's age, it would not be

13

enough to create a genuine issue of fact precluding summary judgment. See

Alvarez v. Royal Atlantic Developers, 610 F.3d 1253, 1267–68 (11th Cir. 2010)

(holding that a single stray remark from a non-decisionmaker that "Cubans are

dumb" was not enough to raise a genuine fact issue); Standard, 161 F.3d at 1329–

30 (statement that "older people have more go wrong" did not raise a genuine issue

of fact because the statement was too vague and because it was uttered by someone

who was not involved in the decision to terminate the plaintiff); Mauter v. Hardy

Corp., 825 F.2d 1554, 1558 (11th Cir. 1987) (vice president's statement that the

corporation was "going to weed out the old ones" did not preclude summary

judgment where the vice president played no part in the decision to fire the

plaintiff). Because there is no evidence that Buckner influenced the decision to

fire Barsorian, Buckner's statement does not create a genuine issue of fact

requiring trial.

III.

We turn now to the district court's denial of Barsorian's motion for

reconsideration. After the district court granted Grossman Roth's motion for

summary judgment, Barsorian filed a pro se motion seeking relief under Federal

Rules of Civil Procedure 12(b)(1) and 60(b)(3)(6). The district court construed

that motion as one for reconsideration and denied it. We review the denial of a

14

motion for reconsideration for abuse of discretion.  Sanderlin v. Seminole Tribe, 243 F.3d 1282, 1285 (11th Cir. 2001).

Barsorian's motion for reconsideration revolved around the fact that the district court had taken notice of his ADA claim that was pending in the EEOC. The district court mentioned that claim in connection with its finding that Barsorian had not established that his age was the "but for" cause of his termination, suggesting that even Barsorian thought that there was some reason other than his age for his termination.  Because we did not affirm on that ground, and our review of the grant of summary judgment is de novo, we need not consider whether it was proper for the district court to take notice of a collateral, administrative action in that way.  It does not affect our decision that Barsorian failed to show pretext.  Nor does the fact that the district court mentioned the ADA claim affect that court's jurisdiction over this action, as Barsorian contends.

To the extent that Barsorian alleges that Grossman Roth committed fraud, made misrepresentations, or retaliated against him in the course of this litigation, there is no evidence of it and the argument is frivolous.  The district court did not abuse its discretion in denying Barsorian's motion for reconsideration.

IV.

Finally, Barsorian filed in this Court a motion "to stay, reverse, and vacate the district court's order granting in part Grossman Roth's motion to tax costs."

15

The district court entered that order on February 3, 2014.  But Barsorian filed his amended notice of appeal before then, in October 2013.  This timing is problematic because the party taking the appeal must "designate the judgment, order, or part thereof being appealed," Fed. R. App. P. 3(c)(1)(B), and a failure to do so will ordinarily "preclude the appellate court from reviewing any judgment or order not so specified."  McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986).  Because Barsorian filed his notice of appeal before the district court even entered the order granting Grossman Roth's motion to tax costs, he could not have designated that order in his notice of appeal.

We considered a factual scenario very similar to this one in LaChance v. Duffy's Draft House, 146 F.3d 832 (11th Cir. 1998).  In that case, LaChance brought a claim against his former employer alleging that it fired him in violation of the ADA.  Id. at 833.  The district court granted summary judgment in favor of the employer, and LaChance filed a notice of appeal.  Id.  After he did that, the district court issued an order awarding the employer attorney's fees and costs, but LaChance did not file a new notice of appeal or amend his original notice of appeal.  Id.  We held that the order awarding attorney's fees was "not reviewable by this [C]ourt" because LaChance "failed to amend his notice of appeal to include the order granting attorney's fees, or file anything within 30 days of the order

16

granting attorney's fees that mentioned that order." Id. at 838.  The same is true of the order taxing costs

## V.

The judgment of the district court is **AFFIRMED**. Barsorian's motion to stay, reverse, and vacate the district court's order taxing costs is **DENIED**.