428 So.2d 220 (1982)
Alex MORNINGSTAR, Petitioner,
v.
STATE of Florida, Respondent.
No. 61488.
Supreme Court of Florida.
September 23, 1982.
Rehearing Denied April 13, 1983.
Joseph A. Varon of Varon & Stahl, Hollywood, for petitioner.
Jim Smith, Atty. Gen., and Andrea T. Mohel and Joy B. Shearer, Asst. Attys. Gen., West Palm Beach, for respondent.
EHRLICH, Justice.
We have for review the decision of the District Court of Appeal, Fourth District, in Morningstar v. State, 405 So.2d 778 (Fla. 4th DCA 1981), which affirmed the conviction of petitioner for attempted trafficking in stolen property and certified the following question as being of great public importance:
Does Article I, Section 12 of the Florida Constitution prohibit reliance upon Section 934.03(2)(c), Florida Statutes (1979) as to the interception of a private communication emanating from a location other than the defendant's "home"?
405 So.2d at 782.[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer *221 that question in the negative and affirm the holding of the district court.
Alex Morningstar is a jeweler and pawnbroker. He accepted two pieces of jewelry for pawn from Peter Salerno, a known burglar. Neither piece of jewelry was resold, but both were kept in petitioner's bank vault.
During the latter part of 1978 the police elicited Salerno's cooperation along with that of another confessed thief, Carmine Stanzione, in an investigation of certain activities of the petitioner. During the course of the investigation, Stanzione and Salerno consented to the electronic interception and recordation of conversations they had with the petitioner. The conversations, both telephonic and person to person, took place while Morningstar was in his office at his place of business. The telephonic conversations were recorded by telephone monitors, while the others were recorded by "body bug" which transmitted the sound to a recorder located outside of the building.
Morningstar was subsequently charged with trafficking in stolen property. Before trial, petitioner filed a motion to suppress the evidence resulting from the taped conversations because it was obtained without a search warrant. The motion was denied. At trial, the informants testified and identified the tape recordings, as did the police officers who monitored and recorded the conversations. These recordings were admitted in evidence over objection on the sanction of section 934.03(2)(c) and the consent obtained from Salerno and Stanzione. Morningstar was convicted of attempted trafficking in stolen property and received the maximum sentence of five years.
On appeal, Morningstar challenged the correctness of the trial court's denial of the motion to suppress. The district court affirmed the judgment and certified the foregoing question.
Petitioner maintains that article I, section 12, Florida Constitution, prohibits the warrantless interception of private communications notwithstanding the provision of section 934.03(2)(c). Furthermore, he argues the doctrine set forth in State v. Sarmiento, 397 So.2d 643 (Fla. 1981), is broad enough to extend that protection to one's private business office, because there also one has a "reasonable expectation of privacy" and it is likewise a place where one often relaxes, retreats and expresses one's inner thoughts.
We disagree. In Sarmiento, this Court held that the warrantless electronic interception by the state agents of a conversation between the defendant and an undercover police officer in the defendant's home was an unreasonable interception of defendant's private communications in violation of article 1, section 12, Florida Constitution, and that the defendant's home was an area specifically protected by Florida's constitution. That constitutional protection of the home, recognized in Sarmiento, does not extend to the defendant's office or place of business. We hereby hold section 934.03(2)(c) constitutional under these facts. Although Morningstar may have maintained a reasonable expectation of privacy in his private office, that expectation under these circumstances is not one which society is willing to recognize as reasonable or which society is willing to protect. See Katz v. U.S., 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). See also Hill v. State, 422 So.2d 816 (Fla. 1982).
We approve the decision of the District Court of Appeal.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.
NOTES
[1] Art. I, § 12, Fla. Const.:

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence.
§ 934.03(2)(c), Fla. Stat. (1979):
It is lawful under this chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.