PER CURIAM.
This is an appeal from multiple judgments of conviction and sentences entered below after a non-jury trial. The sole point on appeal is that the court erred in denying the defendant’s pre-trial motion to suppress certain tape recordings of telephone conversations between the defendant and undercover police officers. We affirm.
In a prior appearance of this case, we reversed a prior trial court order granting the very same pre-trial defense motion to suppress. State v. Shaktman, 389 So.2d 1045 (Fla. 3d DCA 1980), review denied, 397 So.2d 779 (Fla.1981). We adhere to that prior ruling today as the law of the case and note that subsequently decided cases of the Florida Supreme Court support our ruling herein. Morningstar v. State, 428 So.2d 220 (Fla.1982); Hill v. State, 422 So.2d 816 (Fla.1982).
It is now settled law, as held in Shaktman I, that the state may conduct electronic surveillance of a private conversation between the defendant and a law enforcement agent, occurring anywhere except in the defendant’s home, upon the sole showing that the law enforcement agent, as here,- consented to said surveillance; “once *581 that [consent] predicate ... is met, the tape recording [of the conversation] between the consenting party and the accused may be introduced into evidence, and the absence of a warrant or order, the lack of probable cause, and the non-existence of exigent circumstances are all without significance.” 389 So.2d at 1046. That rule of law is applicable here and required the court below to deny the defense motion to suppress. The judgments of conviction and sentences under review are therefore
Affirmed.