SHEVIN, Judge.
Braulio Jatar appeals an adverse final summary judgment. We affirm.
Jatar brought an action for civil remedies pursuant to section 934.10, Florida Statutes (1989), alleging that defendants Camilo Lamaletto and Balgres Distributing Company, Inc. [collectively “defendants”], violated section 934.03, Florida Statutes (1989), making it unlawful to intercept and disclose oral communications without the prior consent of the parties. Lamaletto is a part-owner and employee of Balgres. Defendants recorded Jatar’s meeting with Lamaletto at Lamaletto’s office at Balgres’ facility.
Lamaletto taped the meeting because he feared that Jatar was going to attempt to extort money from him. Lamaletto asserted that Jatar had already met with his relatives, Balgres’ co-owners, in Venezuela. Relying on his relatives’ reports of the meeting, Lamaletto was convinced Jatar had called the meeting to demand money.
Defendants filed a motion for summary judgment asserting that section 934.03 had not been violated: Lamaletto had a good faith belief to fear an extortion attempt; and Lamaletto did not disseminate the recording, the tape was stolen from him. Apparently the tape made its way to Venezuela. Based on its contents, Jatar was convicted of extortion in Venezuela; that conviction was upheld on appeal.[1]
In support of their summary judgment motion, Defendants filed a transcript of the tape. The transcript reveals a conversation in which Jatar, an attorney admitted to practice in Venezuela, asked Lamaletto for a $250,000 “fee” to be deposited in a Miami bank in exchange for smoothing out Lamaletto’s legal difficulties in Venezuela. Lamaletto’s Venezuelan company was apparently under investigation for building a road in a rural area without the requisite permits. Jatar represented to Lamaletto that he was aware of the investigation; that Jatar was counsel to a Venezuela congressman who was in charge of the investigation; that the congressman had sent him to visit Lamaletto; and that they needed to agree on some “form of payment.” Alternatively, if no agreement was reached, the Venezuela investigation “will go on,” and a subpoena was certain to follow. At that point, Jatar represented, he would pass along the subpoena to the media. After reviewing the transcript, the trial court granted defendants’ motion for summary judgment.
The trial court properly granted summary judgment because Jatar had no reasonable expectation of privacy in his oral communication. In the absence of a reasonable expectation of privacy, Jatar’s *1169 oral communications were not protected under section 934.03, and he is not entitled to civil remedies. Therefore, defendants are entitled to a judgment as a matter of law.
As stated in State v. Inciarrano, 473 So.2d 1272, 1275 (Fla.1985),
Section 934.02(2) in defining oral communication, expressly provides: ‘Oral communication’ means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation .... From this language, it is clear that the legislature did not intend that every oral communication be free from interception without the prior consent of all the parties to the communication.
An oral communication is protected under section 934.03 if it satisfies two conditions: “A reasonable expectation of privacy under a given set of circumstances depends upon one’s actual subjective expectation of privacy as well as whether society is prepared to recognize this expectation as reasonable.” Inciarrano, 473 So.2d at 1275. Although Jatar undoubtedly had a subjective expectation of privacy, here, as the court concluded in Inciarrano, his expectation was not justified. Jatar did not visit Lam-aletto’s office in the ordinary course of business. As held in Inciarrano, Jatar went to Lamaletto’s office with the intent “to do him harm.” Id. at 1275. Society is not prepared to recognize as reasonable an expectation of privacy in such activity. See Id.
We are not persuaded by Jatar’s argument that the trial court’s summary judgment should be reversed under State v. Walls, 356 So.2d 294 (Fla.1978). Walls held that an extortion threat delivered to the victim in the victim’s home is an oral communication as defined by section 934.02(2), Florida Statutes (1975). However, Walls is distinguishable and its continued viability is questionable in light of Inciarrano.[2] Walls upheld the constitutionality of the statute but did not address whether the oral communication constituting extortion was imbued with a reasonable expectation of privacy. See Inciarrano, 473 So.2d at 1275. Society is willing to recognize a reasonable expectation of privacy in conversations conducted in a private home. However, this recognition does not necessarily extend to conversations conducted in a business office. The reasonable expectation of privacy fails where, as here, the intent of the speaker does not justify such an expectation.
We are mindful of Justice Ehrlich’s concurring opinion in Inciarrano, joined by Justice Shaw, where he asks, “Why were Walls’s privacy rights not ‘dissolved’ by his extortionate threats?” Inciarrano, 473 So.2d at 1277 (Ehrlich, J., concurring). Our holding in this case is derived from our view that, as Justice Ehrlich suggests, “[t]he proper analysis of these facts should rest solely upon [Jatar’s] legitimate (as supposed to subjective) expectation of privacy in the business office of his victim. Because he had no legitimate expectation of privacy there, and because he freely and voluntarily gave his oral communication to his victim, the statute is inapplicable.” Inciarrano, 473 So.2d at 1277 (Ehrlich, J. concurring).
We also certify the following question of great public importance:
DOES STATE v. WALLS, 356 So.2d 294 (Fla.1978), HAVE CONTINUED VALIDITY AND BAR SUMMARY JUDGMENT IN THE VICTIM’S FAVOR, WHERE AN EXTORTION THREAT WAS DELIVERED IN THE VICTIM’S OFFICE AND ELECTRONICALLY RECORDED BY THE VICTIM BECAUSE HE FEARED THAT SUCH AN EXTORTION THREAT WAS IMMINENT, IN VIEW OF THE *1170 HOLDING IN STATE v. INCIARRANO, 473 So.2d 1272 (Fla.1985)?
Jatar’s remaining points lack merit.
Based on the foregoing, we affirm the summary final judgment.
Affirmed; question certified.

. Jatar has been a fugitive from Venezuela since the time the extortion proceedings against him commenced.

. As this court has previously indicated, Inci-arrano casts doubt on the continued validity of Walls. See Morales v. State, 513 So.2d 695, 697 n. 6 (Fla. 3d DCA 1987)(Pearson, J., concurring).