872 So.2d 321 (2004)
COHEN BROTHERS, LLC., Deltom Solutions, LLC, and Alberto Scandella, Appellants,
v.
ME CORP., S.A., Jose Luis Rusconi, and Roman Rolando Rusconi, Appellees.
No. 3D03-187.
District Court of Appeal of Florida, Third District.
April 14, 2004.
*322 Ferrell, Schultz, Carter, Zumpano & Fertel, P.A. and Gary M. Murphree, and William J. Simonitsch, Miami, for appellant.
Kozyak, Tropin & ThrockMorton, P.A. and Charles Throckmorton, Miami, for appellee.
Before GREEN, FLETCHER, and WELLS, JJ.
PER CURIAM.
This is an appeal from the dismissal, with prejudice, of a complaint alleging violations of Florida's Security of Communications Act, section 934.01 et seq., Florida Statutes (1999) (the "Wiretap Statute"). For the reasons which follow, we affirm.
*323 The appellants, Cohen Brothers, LLC (herein "Cohen Bros."), Deltom Solutions, LLC ("Deltom"), and Alberto Scandella filed a complaint seeking damages and injunctive relief against appellees ME Corp., S.A., Jose Luis Rusconi, and Roman Rolando Rusconi (collectively, "the Rusconis") under the Wiretap Statute.
According to the complaint, plaintiff Cohen Bros. is a New York corporation with its headquarters and sole place of business in Miami, Florida. Deltom is a Delaware limited liability company, and Scandella is a citizen of the Commonwealth of Puerto Rico. Defendant, ME Corp., is an Argentinean corporation which does or has done business in Florida. The Rusconis are citizens of Argentina who are doing, or have done, business in Florida.
All of the parties to this action are members of the management committee of Deltom. The committee conducted two shareholder meetings by telephonic conference calls to discuss the continued financing of the company. Two members of the committee, the Rusconis, allegedly secretly recorded these calls while in Argentina. Specifically, according to the well-pled allegations of the complaint, the two conference calls to the members of the management committee were initiated by Deltom's attorney, Gary Murphree and Angel Garcia-Oliver from Miami. One plaintiff/appellant, Cohen Bros., through its proxy Perry Murphree, participated in these calls from New York and another, Alberto Scandella, participated from Puerto Rico. The Rusconis both participated from Argentina and allegedly tape recorded these conferences without the knowledge or consent of the other participants.
Prior to this action, the Rusconis sued the members of Deltom and others in New York. The Rusconis, through discovery, produced the tape recordings of the telephonic conferences, at issue here, in the New York action. Upon learning of the existence of these recordings, the appellants instituted this action, seeking damages and injunctive relief against the Rusconis, for breach of Florida's "Wiretap Statute."
The Rusconis moved to dismiss or abate the complaint on grounds that it failed to state a cause of action under the Wiretap Statute because none of the plaintiffs were alleged to be Florida residents or had been in Florida for the telephonic meetings and because the alleged interceptions did not occur in Florida.[1] The trial court granted the motion and dismissed the complaint with prejudice on grounds, among others, that the Wiretap Statute did not create a civil remedy where the plaintiffs are not Florida residents, the taping was not alleged to have occurred in Florida, and the recordings were not alleged to have been disclosed or used in Florida.[2] We affirm.
The Wiretap Statute provides in pertinent part that:
1) Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of ss. 934.03-934.09 shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications.... *324 § 934.10(1), Fla. Stat. (1999). The term "person" as used in this provision is defined as:
[A]ny employee or agent of the State of Florida or political subdivision thereof, of the United States, or of any other state or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation.
§ 934.02(5), Fla. Stat. (1999).
To establish a claim under the Wiretap Statute, the persons bringing suit must be Florida residents or the improper "interception" must have occurred in Florida. The law is clear that an "interception" occurs "where the words or the communication is uttered, not where it is recorded or heard."[3]Koch v. Kimball, 710 So.2d 5, 7 (Fla. 2d DCA 1998). See also State v. Mozo, 655 So.2d 1115, 1117 (Fla.1995) (finding that the actual interception of a communication occurs where the communication originates). In this case, none of the persons bringing suit are Florida residents, and the utterances made by these persons were made in New York (where the proxy for Cohen Bros. was located) and in Puerto Rico (where Scandella was located). While it is uncontroverted that Deltom's Miami attorneys originated the telephone conferences that were allegedly recorded in Miami, Florida, these attorneys are not named as parties to this suit, and there are no allegations that their privacy was invaded or that recording their comments was unlawful.
More to the point, only Deltom appears to have a claim here. There is no dispute that these conference calls constituted "meetings" of Deltom's management committee/shareholders called by its attorneys for the purpose of determining whether, and how, to continue capitalizing Deltom. The participants of these meetings were not participating in an individual capacity but were all participating on behalf of Deltom and as part of Deltom's management team. As such, neither these individuals nor Deltom had an expectation of privacy necessary to protect under the Florida Wiretap Statute.
It is clear that an oral communication cannot be intercepted and disclosed without the consent of the parties if there is a reasonable expectation of privacy which is recognized by society. See Jatar v. Lamaletto, 758 So.2d 1167, 1169 (Fla. 3d DCA 2000). See also State v. Smith, 641 So.2d 849, 852 (Fla.1994) ("[F]or an oral conversation to be protected under section 934.03 the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable."). Society does not recognize an absolute right of privacy in a party's office or place of business. See Morningstar v. State, 428 So.2d 220, 221 (Fla.1983) (finding that although defendant may have had reasonable expectation of privacy in his private office, that expectation was not one which society was willing to accept as reasonable or willing to protect); Jatar, 758 So.2d at 1169 ("Society is willing to recognize a reasonable expectation of privacy in conversations conducted in a private home. However, this recognition does not necessarily extend to conversations conducted in a business office.") (Emphasis in original). Similarly, we don't *325 believe that society would recognize, as reasonable, that such an expectation of privacy exists in a conference call, specifically where the call is held to conduct the business of the company. Moreover, we find that Deltom's suit against the Rusconis is actually a suit against itself, particularly because the Rusconis, like the other appellants, were acting as shareholders and managers of Deltom at the time that the conversations were spoken and recorded. Accordingly, Deltom's cause of action, like that of the other plaintiffs, fails.
Affirmed.
NOTES
[1] The motion also sought dismissal of the complaint on the grounds that the court lacked subject matter jurisdiction because the subject matter of this action was pending before another court of competent jurisdiction and that the court lacked personal jurisdiction over the defendants.
[2] In reaching its conclusion, the lower court deemed the remaining grounds raised for dismissal to be moot.
[3] "`Intercept' means the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." § 934.02(3), Fla. Stat. (1999). See also State v. Tsavaris, 394 So.2d 418, 421 (Fla.1981), receded from on other grounds by Dean v. State, 478 So.2d 38, 41 (Fla.1985) ("`[T]o intercept' means to gain control or possession of a communication through the sense of hearing and through the use of an electronic or mechanical device.").