CORTINAS, Judge.
The State of Florida (“State”) filed a 37-count criminal information against the defendant. Count 1 charged the defendant with extortion, alleging that the defendant threatened to prevent the victim from trading comic books on eBay and from communicating on the internet, in violation of section 836.05, Florida Statutes (2004). Counts 2-9 charged the defendant with making obscene and harassing telephone calls to the victim where the victim had a reasonable expectation of privacy, in violation of section 365.16(l)(a), Florida Statutes (2004). Counts 10-37 charged the defendant with making threatening and harassing telephone calls to the victim without disclosing his identity, in violation of section 365.16(l)(b), Florida Statutes (2004).
The case proceeded to a trial by jury. After the State rested its case, the defendant moved for a judgment of acquittal, which the trial court denied. The jury found the defendant guilty on all counts, and he was thereafter sentenced. We affirm the convictions and sentences as to Count 1 and Counts 10-37. We reverse the defendant’s convictions and sentences as to Counts 2-9.
We review the trial court’s denial of the defendant’s motion for judgment of acquittal as to Counts 2-9 de novo. See Johnston v. State, 863 So.2d 271, 283 (Fla.2003); State v. Surin, 920 So.2d 1162, 1164 (Fla. 3d DCA 2006). Generally, a conviction will not be reversed on appeal if it is supported by competent substantial evidence. Johnston, 863 So.2d at 283 (citations omitted). “There is sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt.” Id.
Counts 2-9 charged the defendant with violating section 365.16(l)(a) by making obscene and harassing telephone calls *741 to the victim where the victim had a reasonable expectation of privacy. Section 365.16(l)(a) provides, in pertinent part:
(1) Whoever:
(a) Makes a telephone call to a location at which the person receiving the call has a reasonable expectation of privacy; during such call makes any comment, request, suggestion, or proposal which is obscene, lewd, lascivious, filthy, vulgar, or indecent; and by such call or such language intends to offend, annoy, abuse, threaten, or harass any person at the called number;
[[Image here]]
is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
§ 365.16(l)(a), Fla. Stat. (2004)(emphasis added).
Originally, section 365.16(l)(a), Florida Statutes (1977), criminalized individuals who, “by means of telephone communication,” made “any comment, request, suggestion, or proposal which is obscene, lewd, lascivious, filthy, or indecent.” § 365.16(l)(a), Fla. Stat. (1977); State v. Keaton, 371 So.2d 86 (Fla.1979). The requirement that the telephone call be made “to a location at which the person receiving the call has a reasonable expectation of privacy” was added after the Florida Supreme Court held that the 1977 version of section 365.16(l)(a) violated freedom of speech rights guaranteed by the Florida and federal constitutions. Keaton, 371 So.2d at 90.
In Keaton, the Florida Supreme Court addressed whether subsection (l)(a) of the statute was unconstitutionally overbroad. Id. at 88. In holding that the subsection was overbroad and violative of the right to free speech, the Florida Supreme Court focused on the fact that the scope of the subsection was not limited to cases where listeners did not consent to the use of specified language. Id. at 90. The Florida Supreme Court expressed specific concern regarding the failure of section 365.16(l)(a) to protect an unwilling listener’s reasonable expectations of privacy. Id. The court stated:
We do not hold that the state may not proscribe obscene telephone communications regardless of the circumstances. Were section 365.16(l)(a) limited to obscene calls to a listener at a location where he enjoys a reasonable expectation of privacy (such as a home) which calls are intended to harass the listener, the enactment would pass constitutional muster. Because such a statute would assume the existence of a listener who is unwillingly subjected to vulgar or obscene epithets, it would constitute a valid legislative attempt to protect the substantial privacy interests of the listener.
Id. at 92 (emphasis added). The court also stated, “section 365.16(l)(a) could be couched in appropriate terms so as to regulate certain types of harassing speech foisted upon a listener in a place where he might reasonably expect privacy.” Id. at 92 (emphasis added). Following Keaton, the legislature amended section 365.16(l)(a) to add the requirement that the listener be at a location where he or she has a reasonable expectation of privacy. See Gilbreath v. State, 650 So.2d 10, 11 (Fla.1995); § 365.16(l)(a), Fla. Stat. (2004).
In the instant case, the victim conducted a comic book business out of his home, and maintained a business telephone line for his business for the purpose of dealing with the public. The victim testified at trial that all of the calls that he received from the defendant were on his business telephone line, and not on his residential telephone line. The following exchange *742 took place during defense counsel’s cross-examination of the victim:
Q: Any calls by [the defendant], which ran on your home phone?
A: Again, I thank God, no.
Q: Okay. In fact, [the defendant] was calling the number published as a business number ... is that correct?
A: Yes.
[[Image here]]
Q: Isn’t it true that he always called the number which was published for business, and you chose to forward it to your cell phone.
A: Yes.
On appeal, the defendant contends that his convictions as to Counts 2-9 must be reversed for insufficient evidence because the State failed to prove that the victim enjoyed a reasonable expectation of privacy on his business telephone line. We agree.
Florida courts have consistently held that the constitutional protections of a reasonable expectation of privacy do not extend to an individual’s place of business. Morningstar v. State, 428 So.2d 220 (Fla.1982); Cohen Bros., LLC v. ME Corp., S.A., 872 So.2d 321 (Fla. 3d DCA 2004); Jatar v. Lamaletto, 758 So.2d 1167 (Fla. 3d DCA 2000); Adams v. State, 436 So.2d 1132 (Fla. 5th DCA 1983). An expectation of privacy in a business “is not one which society is willing to protect.” Morningstar, 428 So.2d at 221 (citing Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Hill v. State, 422 So.2d 816 (Fla.1982)).
Based on the record before us, it is evident that the defendant made telephone calls to the victim’s business telephone line, located in the victim’s home where he conducted his business. Although the victim may enjoy a reasonable expectation of privacy in his home, that expectation is not extended to his business. See Morningstar, 428 So.2d at 221 (holding that the constitutional protection of an individual’s reasonable expectation of privacy in his or her home does not extend to a place of business). We find that there was insufficient evidence to satisfy the elements of section 365.16(l)(a) because the defendant only made calls to the victim’s business telephone line. Since the State failed to prove that the defendant made obscene or harassing telephone calls “to a location at which the person receiving the call has a reasonable expectation of privacy,” we reverse the defendant’s convictions and sentences as to Counts 2-9. See § 365.16(l)(a), Fla. Stat. (2004). We affirm on all other issues on appeal.
Affirmed in part; reversed in part; and remanded.