991 So.2d 393 (2008)
STATE of Florida, Appellant,
v.
Maiaoshaad Deaundre DORSEY, Appellee.
No. 1D07-1191.
District Court of Appeal of Florida, First District.
September 15, 2008.
*394 Bill McCollum, Attorney General, and Meredith Charbula, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellee.
KAHN, J.
The trial court granted appellee Dorsey's motion to suppress certain evidence, but declined to make specific findings of fact, particularly concerning the credibility of the testimony of several police officers. The record reveals a conflict in the testimony of the officers concerning whether an odor of marijuana was detectible on either Dorsey's person or in the car in which Dorsey was a passenger. "A reviewing court is bound by the trial court's findings of fact  even if only implicit  made after a suppression hearing, unless they are clearly erroneous." State v. Setzler, 667 So.2d 343, 346 (Fla. 1st DCA 1995). "We must construe all the evidence, and reasonable inferences therefrom, in a manner most favorable to sustaining the trial court's ruling." Hines v. State, 737 So.2d 1182, 1184 (Fla. 1st DCA 1999). The trial judge here made an implicit finding concerning the credibility of several officers who testified, and circumstances on this record support this implicit finding. Given this finding, we need not be concerned whether the State proceeded on the theory that probable cause justified the search, or the theory that the officers acted pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), as under either theory, the credibility determination bars the warrantless search that took place.
AFFIRMED.
LEWIS and POLSTON, JJ., concur.