NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                        )
                                         )
                 Appellant,              )
                                         )
v.                                       )          Case No. 2D15-1518
                                         )
DAYLEN CARABALLO,                        )
                                         )
                 Appellee.               )
_____ )

Opinion filed March 9, 2016.

Appeal from the Circuit Court for
Hillsborough County; William Fuente, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba C. Martin-
Schomaker, Assistant Attorney General,
Tampa, for Appellant.

Frank Louderback, St. Petersburg, for
Appellee.


CASANUEVA, Judge.

        The State appeals an order granting Daylen Caraballo's motion to

suppress recorded statements that Ms. Caraballo made to her employer.  Ms. Caraballo

was charged with grand theft for allegedly taking money from her employer and the

recorded statements apparently contain admissions made by Ms. Caraballo.  The trial

court ruled that the statements were inadmissible because the recording violated

section 934.06, Florida Statutes (2013), which prohibits the recording of oral communications without a person's consent or knowledge and the disclosing of such recordings.  We conclude that the trial court erred in granting the motion to suppress and reverse.

Section 934.06 states that "[w]henever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial . . . , if the disclosure of that information would be in violation of this chapter."  Section 934.02(2) defines oral communication as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication."  The Florida Supreme Court has held that "for an oral conversation to be protected under section 934.03 the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable."  State v. Smith, 641 So. 2d 849, 852 (Fla. 1994) (citing State v. Inciarrano, 473 So. 2d 1272 (Fla. 1985)).  In determining whether the speaker's expectation of privacy is reasonable, courts should examine the location of the conversation, the type of communication at issue, and the manner in which the communication was made.  Abdo v. State, 144 So. 3d 594, 596 (Fla. 2d DCA 2014) (citing Stevenson v. State, 667 So. 2d 410, 412 (Fla. 1st DCA 1996)).  We conclude that Ms. Caraballo did not have a reasonable expectation that her statements could not be intercepted.

Ms. Caraballo worked at a cellular telephone store and her employer suspected that she was taking money from the store. Ms. Caraballo's employer spoke with her about the missing funds and the conversation was recorded by a camera located in the front reception area of the store, which is a sales area. There are several cameras in the store and they operate twenty-four hours a day. The cameras are located in obvious places, are not hidden in any manner, and have a light that flashes when they detect activity. Ms. Caraballo was seated in the sales area of the store at a counter where customers would approach and do business. The conversation took place between 9 a.m. and 10 a.m., when the business was open to the public, and the front door of the store was open. Ms. Caraballo testified that she knew there were video cameras in the store. Further, there is a sign at the front of the store stating, "Notice. This business is under 24-hour video and audio surveillance."

The present case is similar to Jatar v. Lamaletto, 758 So. 2d 1167, 1168 (Fla. 3d DCA 2000), where an employee alleged that the recording of his statements during a meeting with his employer violated section 934.10. The statements were made in the employer's office at a business in which the employer was a part-owner. Id. The Third District held that the employee did not have a reasonable expectation of privacy in the statements:

> Society is willing to recognize a reasonable expectation of privacy in conversations conducted in a private home. However, this recognition does not *necessarily* extend to conversations conducted in a business office. The reasonable expectation of privacy fails where, as here, the intent of the speaker does *not* justify such an expectation.

Id. at 1169; see also Avrich v. State, 936 So. 2d 739, 742 (Fla. 3d DCA 2006) ("Florida courts have consistently held that the constitutional protections of a reasonable

expectation of privacy do not extend to an individual's place of business."). Similarly in State v. Inciarrano, 473 So. 2d 1272, 1275 (Fla. 1985), the Florida Supreme Court held that to prevail under section 934.06, a person must establish that he not only had a subjective expectation of privacy, "but also his expectation under the circumstances must have been one that society is prepared to recognize as reasonable."

The trial court found that the test or consideration regarding whether the circumstances justify a "reasonable expectation of privacy" or "one that society is prepared to recognize as reasonable" was vitiated by McDade v. State, 154 So. 3d 292 (Fla. 2014). We disagree. The McDade court held that Inciarrano did not proscribe a general rule that statements "associated with criminal activity are by virtue of that association necessarily uttered in circumstances that make unjustified any expectation that the utterances will not be intercepted." 154 So. 3d at 299.

The McDade court discussed why the other facts in Inciarrano supported the conclusion that Inciarrano's statements were admissible. Id. at 298. The court noted that the recording was made in the victim's place of business, which was a "quasi-public" premises, it noted "the physical proximity and accessibility of the premises to bystanders," and it noted that there was a microphone visible to the unaided eye. Id. (quoting Inciarrano, 473 So. 2d at 1274). On the other hand, in McDade, 154 So. 3d at 298-99, the court found that the recording in that case was inadmissible where it was made in the appellant's bedroom, the recording contained conversations between the appellant and his stepdaughter, and the recording device was hidden under the victim's shirt.

In the present case, the conversation occurred at a sales counter in an area that was open to the public, not in a private office, and the business was open to the public at the time the recording was made. Further, there was a sign at the front of the store notifying everyone who entered that the business had constant video and audio surveillance. The cameras inside the store were in visible locations, and Ms. Caraballo admitted she was aware of the cameras.

We conclude that the circumstances surrounding Ms. Caraballo's statements did not justify any expectation she may have had that such statements were private and not subject to interception. See § 934.02(2). Accordingly, we reverse the order granting Ms. Caraballo's motion to suppress and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.


VILLANTI, C.J., and MORRIS, J., Concur.