# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5419

_____

FREDRICK BROWN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

May 16, 2018

PER CURIAM.

Fredrick Brown pleaded guilty to several drug crimes, reserving his right to appeal the trial court's order denying his motion to suppress. Finding no error, we affirm.

Police stopped Fredrick Brown for running a stop sign. They ran his driver's license and registration information against the DHSMV database, which showed Brown's license was suspended. After an officer told Brown he would be arrested for driving with a suspended license, Brown tried to put his car in gear and leave. Officers forcibly removed Brown from the car and arrested him. During a subsequent inventory search of Brown's car, officers found the drugs and paraphernalia that led to the convictions on appeal.

Brown does not dispute the validity of the initial traffic stop. Instead, he contends the officers had no basis to arrest him for driving with a suspended license. He argues that his license was not, in fact, suspended—that the officers relied on an erroneous report. This, he maintains, means the inventory search (which he does not otherwise challenge) was based on an unlawful arrest. And that, he says, means the trial court should have granted his motion to suppress everything that search turned up.

At the hearing, the trial court faced conflicting evidence about whether the license was suspended at the time of the arrest. An officer testified that the license was suspended, referencing the database report on which the officer had relied at the time (and which the defendant attached as an exhibit to his motion to suppress). Brown, on the other hand, testified that his license was never suspended, and he submitted another database document suggesting the license was reinstated later the day of the arrest.

The trial court denied the motion in an order devoid of any factual findings. According to Brown, because the order lacked findings and because there was evidence for and against him, we must conclude the State failed to meet its burden below. But "[a] trial court's ruling on a motion to suppress comes to us clothed with a presumption of correctness and, as the reviewing court, we must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." *Murray v. State*, 692 So. 2d 157, 159 (Fla. 1997). Here, there was evidence that Brown's license was suspended at the time of the arrest, and we conclude that this evidence supports the trial court's ultimate decision. *See State v. Dorsey*, 991 So. 2d 393, 394 (Fla. 1st DCA 2008) (affirming order on motion to suppress after noting conflict in testimony but concluding that "[t]he trial judge here made an implicit finding concerning the credibility of several officers who testified, and circumstances on this record support this implicit finding"). A different judge might have weighed the evidence differently, but we are obligated to uphold this judge's ruling if supported by evidence.

AFFIRMED.

2

JAY, WINSOR, and M.K. THOMAS, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, for Appellee.