NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.; et al., | No. 16-16997 |
| Plaintiffs-Appellees, | D.C. No. 3:16-cv-00236-WHO |
| v. | |
| CENTER FOR MEDICAL PROGRESS; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| TROY NEWMAN; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted November 17, 2017
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and FREUDENTHAL,** Chief
District Judge.

---

       *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       **     The Honorable Nancy Freudenthal, Chief United States District Judge
for the District of Wyoming, sitting by designation.

This appeal arises from the district court's denial of Defendants' motion to strike under California Civil Code § 425.16 (anti-SLAPP law). Plaintiffs sued Defendants alleging that Defendants used fake identities and entities to infiltrate Planned Parenthood Federation of America (PPFA) and National Abortion Federation (NAF) conferences. Defendants moved to dismiss Plaintiffs' fifteen claims under both Federal Rule of Civil Procedure 12(b)(6) and California's anti-SLAPP motion to strike. The district court denied both motions, and this appeal followed. Because we are required by *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) to review the district court's denial of an anti-SLAPP motion on interlocutory appeal, we now consider the legal sufficiency of Plaintiffs' pleadings *de novo* applying a Rule 12(b)(6) standard, which we have held is the correct standard to apply in this case. *Planned Parenthood Federation v. Center for Medical Progress*, 16-16997, 2018 WL _____ *__ (9th Cir. May _____, 2018).[1] We affirm the district court.

Plaintiffs allege 15 claims. We review each in turn.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a

---

[1] This disposition is filed concurrently with the aforementioned published opinion.

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1.     Defendants contend that Plaintiffs' claims for breach of contract are legally and factually deficient because BioMax did not make misrepresentations to secure a place at PPFA's conference and Plaintiffs' allegations as to violations of numerous laws are vague and conclusory. "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011).

Plaintiffs claim that Defendants breached privacy and confidentiality clauses of the agreement that apply to both sponsors and exhibitors, by surreptitiously recording their conversations. Those provisions state that "Exhibitor and PPFA each agree that they shall comply with all applicable federal, state and local laws and regulations . . . including . . . laws related to fraud . . . privacy . . . confidentiality, [and] false claims." Plaintiffs have plausibly alleged that Defendants violated laws related to privacy and confidentiality by recording attendees of the private conference without their consent. Defendants assert that Plaintiffs did not allege violations of any laws, particularly the Racketeer Influenced and Corrupt Organizations Act (RICO) and wiretapping. Defendants

3

challenge those claims now on appeal on factual sufficiency grounds, though at the district court they were challenged only for legal sufficiency. For this reason, we decline to review belated factual sufficiency challenges. The district court did not err by denying Defendants' motion to strike on the grounds that the claim of contract breach was legally sufficient.

Defendants contend that Plaintiffs' claim for breach of Planned Parenthood Gulf Coast (PPGC)'s non-disclosure agreement fails because Plaintiffs did not allege that any information disclosed was confidential or that there were foreseeable damages. Plaintiffs allege that Merritt entered into a Non-Disclosure and Confidentiality Agreement ("NDA") with PPGC, and that Defendants breached that agreement by secretly recording conversations and then disseminating the recordings on the internet. While that particular paragraph of the complaint does not specify which statements were made, it states that the agreement was signed on April 5, 2015, the same day as the private meeting with PPGC's staff in Houston. It appears that Plaintiffs are referring to statements recorded during that April 5, 2015 meeting. Plaintiffs further allege that because of Defendants' wrongful conduct, PPGC suffered harm in the form of increased security and IT costs. Plaintiffs' allegations are sufficient to allege foreseeable damages at this stage. *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1281 (Fla. Dist. Ct. App. 2002) ("It is not necessary to prove that the parties

4

contemplated the precise injuries that occurred so long as the actual consequences could have reasonably been expected to flow from the breach."); *see also Civic Ctr. Drive Apartments Ltd. P'ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091, 1107 (N.D. Cal. 2003) ("Whether damages arising from a breach of contract were reasonably foreseeable is a question of fact" under California law.). The allegations in the complaint, taken together, are sufficient to state a claim for breach of the NDA.

Defendants also argue that Plaintiffs may not assert a breach of contract claim as third-party beneficiaries of Defendants' contract with the NAF because Plaintiffs have not shown that the contract was made expressly for Plaintiffs' benefit. Plaintiffs allege to the contrary that they have standing to sue for breach of the non-disclosure agreements because Plaintiffs were intended third-party beneficiaries of the contracts. All participants at the NAF conference signed NDAs, knew that everyone attending the conference signed a NDA, and that the agreements required confidentiality. At the motion to dismiss stage, Plaintiffs have plausibly alleged their status as intended third-party beneficiaries.

2. Defendants argue that Plaintiffs' claims for RICO and federal wiretapping violations are factually insufficient to state a claim, asserting that "PPFA failed to demonstrate that, in recording at the PPFA conferences, Defendants intended to violate RICO," and that "PPFA failed to demonstrate that Defendants invaded or

5

intended to invade the privacy of Plaintiffs' staff." Because Defendants cannot challenge the factual sufficiency of Plaintiffs' claims at this stage, we affirm the district court's denial of the motion to strike on the claims for RICO and wiretapping. We stress that a defendant cannot use an anti-SLAPP motion to strike federal causes of action. *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010).

3. Defendants argue that Plaintiffs did not state a claim for fraudulent misrepresentation because Plaintiffs did not allege that Defendants' misrepresentations were the proximate cause of their damage and because the First Amendment bars Plaintiffs' claim for damages. [2] Plaintiffs allege that they are damaged by "being forced to expend additional, extensive resources on security and IT services, property damage, and responding to multiple state and federal investigations and inquiries." Notions of proximate cause may preclude Plaintiffs from recovering some of the damages claimed such as damages from the publication of the videos, costs associated with responding to multiple state and federal investigations, and damages for increased acts of violence because of intervening or superseding causes. But Plaintiffs may be entitled to damages

---

[2] This disposition considers state law claims for fraudulent misrepresentation and trespass arising from conduct in Colorado, D.C., Florida, and Texas. The parties agree that the legal standards in these states are the same, therefore, we do not string cite to each state's case that supports the proposition.

caused by Defendants' misrepresentations about Defendant's identity, such as increased costs associated with security and IT services. The additional costs in security to prevent people with fake identities from infiltrating Planned Parenthood could be a direct cost from Defendants' conduct. *See Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 964 F. Supp. 956, 962–63 (M.D.N.C. 1997), *aff'd on other grounds,* 194 F.3d 505 (4th Cir. 1999).[3] A decision on the propriety of particular damages is premature at this stage. *See Laird v. Integrated Res., Inc.*, 897 F.2d 826, 841 (5th Cir. 1990).

In regard to Defendants' contention that a plaintiff who seeks damages from a publication must satisfy First Amendment pleading requirements, the standard required depends on the type of damages sought. *See Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 522 (4th Cir. 1999). We affirm the district court's denial of Defendants' Motion on this ground.

4.      Defendants argue that the district court erred by not dismissing Plaintiffs' claim for trespass because Plaintiffs did not have an ownership or possessory interest in the venues where the conferences occurred and because Defendants' attendance was not "unauthorized." Defendants further argue that they did not exceed the scope of consent. "The tort of trespass is defined as 'an unauthorized

---

[3] Both parties cite this case as the operative authority on proximate cause related to damages, and so we adopt the rule of *Food Lion* for purposes of this case.

7

entry onto property that results in interference with the property owner's *possessory interest* therein.'" *Greenpeace, Inc. v. Dow Chem. Co.*, 97 A.3d 1053, 1060 (D.C. Cir. 2014) (internal citation omitted) (emphasis in original).

Defendants' argument that they did not exceed the scope of consent is a factual contention, inappropriate for review on a motion to dismiss. Also, a consent may be ineffective if gained by fraudulent misrepresentations or substantial mistake. *See Council on American-Islamic Relations Action Network v. Gaubatz*, 793 F. Supp. 2d 311, 345 (D.D.C. 2011)). Further, Plaintiffs allege that their leases gave them an exclusive, possessory interest in the conference spaces and relevant law was satisfied because it requires only a possessory interest. *See Gaetan v. Weber*, 729 A.2d 895, 898 (D.C. 1999) (internal citation omitted). That is sufficient at this stage to allege a plausible claim for trespass.

5.     Defendants argue that Plaintiffs did not state a claim for non-consensual recording under California Penal Code § 632(a) because the recordings took place at a conference where the speakers did not announce an expectation that their conversations could not be overheard. Plaintiffs allege that Defendants violated § 632 by recording Planned Parenthood staff's confidential conversations at the NAF conference. Plaintiffs allege not only that Defendants signed confidentiality agreements, but also that Plaintiffs knew and relied on the fact that all event participants executed such agreements. Plaintiffs also allege that Plaintiffs knew

8

that the NAF had security measures in place to ensure that persons attending the conference were friends and not foes stating, "NAF had in place a Security Program to ensure that communications concerning and made during the annual meeting would be confidential and restricted to NAF members and trusted others." California appellate precedent holds that "a conversation is confidential under section 632 if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 27 Cal.4th 766, 776–77 (2002). Defendants demand that Plaintiffs set forth the facts of each conversation. However, the content, the location, and the capacity in which staff was acting will be, and under federal procedural rules, developed after discovery. *See Lieberman v. KCOP Television, Inc*., 110 Cal. App. 4th 156, 169 (2003). The district court did not err in refusing to strike this claim at the motion to dismiss stage.

Defendants further argue that Plaintiffs do not have standing to assert the privacy interests of individuals under § 632 and that the meetings were not in confidential locations. Plaintiffs contend, and Defendants do not contest, that this argument is waived because Defendants did not raise the issue below. Even if the argument was not waived, Plaintiffs have standing to raise an expectation of privacy on their staff's behalf. *Ion Equip. Corp. v. Nelson*, 110 Cal. App. 3d 868, 880 (1980) (finding that the term "any person" includes corporations).

9

6.      Defendants argue that any claim by Dr. Gatter related to the lunch meeting cannot stand because the claim was not brought by her affiliate Planned Parenthood Pasadena and San Gabriel Valley (PPPSGV).  This argument was not raised before the district court, and the cause of action does not refer to the lunch meeting.  That it was not pleaded on PPPSGV's behalf is of no consequence.  Defendants also argue that Plaintiffs' claim for trespass under California Penal Code § 634 for the purpose of committing a § 632 violation fails because there was no underlying § 632 violation.  Under section 634, "[a]ny person who trespasses on property for the purpose of committing any act, or attempting to commit any act, in violation of Section 631, 632, 632.5, 632.6, 632.7, or 636 shall be punished by a fine."  Cal. Penal Code § 634.  Plaintiffs alleged a claim for violation of § 632, so Defendants contention necessarily fails.

Defendants separately argue that Plaintiffs have not alleged that NAF had a possessory interest in the hotel conference rooms where the meeting occurred, thereby precluding a cause of action for trespass.  This argument is unpersuasive because Plaintiffs allege that "NAF possessed a right to exclusive use of the real property they leased for the 2014 conference."  To the extent that Defendants' argument is based on the actual lease terms, that factual determination is not appropriate on 12(b)(6) review and requires examining the terms of the lease,

10

which neither party has yet offered.  Further, as discussed above, under the applicable state law, only a possessory interest in the property is necessary.

Defendants independently argue that Plaintiffs did not allege claims under §§ 632 and 634 against Lopez because none of Plaintiffs' allegations implicate Lopez.  Plaintiffs argue that Daleiden and his co-conspirators committed the acts under § 632 leaving room for Lopez to be included under § 632.  Although the cause of action under § 634 expressly refers only to Merritt and Brianna Allen, it first incorporates by reference the entire complaint.  The complaint alleges that all employees of BioMax and CMP are part of the conspiracy, and so, at the pleading stage, that is sufficient for the claim to survive as to Lopez.

Defendants also argue that Plaintiffs did not allege a claim against Merritt because Merritt recorded the conversations to obtain evidence reasonably believed to relate to the commission of a crime of violence.  Merritt's subjective belief, however, is inherently factual and would require a credibility determination that is inappropriate at the motion to dismiss phase.  The district court did not err in so concluding.

7.	Defendants argue that Plaintiffs' claims for invasion of privacy fail because Plaintiffs cannot assert associational standing on behalf of their employees and because Plaintiffs claims do not allege private and personal communications. Plaintiffs allege that they can assert claims on behalf of their staff, and we agree.

11

Plaintiffs allege that their staff could raise the claim on their own, that the suit implicates Planned Parenthood's purposes, and that its members do not need to participate for the relief requested. *See Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1105–06 (9th Cir. 2006). While Plaintiffs' employees may not have expressed a collective view as ordinarily required for associational standing (we cannot know this for sure because there's no record on what views have been expressed), Plaintiffs' staff apparently are trying to advance Plaintiffs' purposes and must implicitly agree with those purposes by continuing to work towards Plaintiffs' goals. At this stage, Plaintiffs allegations are adequate to assert associational standing.

Defendants further argue that Plaintiffs did not allege invasions of privacy that were sufficiently serious. The tort of intrusion requires proof of two elements: "(1) the intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Sanchez-Scott v. Alza Pharm.*, 86 Cal. App. 4th 365, 379 (2001), *as modified* (Jan. 29, 2001) (internal citation omitted). Plaintiffs' allegations regarding the confidentiality agreements and security measures taken to ensure that attendees were all there for the same purpose are sufficient to survive the motion to strike. The district court did not err in concluding that the complaint's allegations were sufficient to create a reasonable expectation of privacy.

12

8.    Defendants argue that Plaintiffs' claims for wiretapping under state law fail because Plaintiffs did not allege that they have standing to bring claims on behalf of staff at the Maryland NAF meeting and because they failed to allege that Plaintiffs' staff was recorded at the Florida NAF meeting.  Defendants further argue that Plaintiffs have not alleged objective and subjective expectations of privacy.  The applicable Florida state law that controls this issue provides: "An oral communication is protected under section 934.03 if it satisfies two conditions: 'A reasonable expectation of privacy under a given set of circumstances depends upon one's actual subjective expectation of privacy *as well as whether society is prepared to recognize* this expectation as reasonable.'"  *Jatar v. Lamaletto*, 758 So. 2d 1167, 1169 (Fla. Dist. Ct. App. 2000), *cause dismissed,* 786 So. 2d 1186 (Fla. 2001) (quoting *State v. Inciarrano,* 473 So. 2d 1272, 1275 (Fla. 1985) (emphasis in original)).

The district court did not err in concluding that Plaintiffs could assert standing on behalf of their employees.  Plaintiffs have sufficiently alleged a reasonable expectation of privacy in their conversations at the PPFA conference in Florida—(1) all attendees at the meeting, including Defendants, were required to agree to terms and conditions designed to ensure that all conference participants held interests consistent with those of Planned Parenthood and would disclose any conflicts of interest; (2) PPFA had in place security protocols requiring all

13

conference participants to provide legal identification and ensuring that communications concerning and made during the conferences would be confidential and restricted to legitimate conference participants and trusted others; and (3) the nature and subject matter of the conferences were highly sensitive. For the same reasons, Plaintiffs survive the motion to strike as to the NAF conference in Maryland. *See Fearnow v. Chesapeake & Potomac Tel. Co. of Maryland*, 342 Md. 363, 376 (1996).

9.      Defendants argue that Plaintiffs' claim for unfair business practices against Merritt fails because no business transactions were conducted and because Plaintiffs cannot show a sufficient likelihood that they will be wronged again in a similar way. Unfair competition includes "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." Bus. & Prof. Code, § 17200. California courts have interpreted such language broadly. *See People v. McKale*, 25 Cal. 3d 626, 631–32 (1979).

Plaintiffs have plausibly claimed that they were subject to the conspiracy— undercover investigations to shame the company—which may warrant injunctive relief. Newman stated, "[b]ut this is just the beginning, we have moles and spies deep inside the abortion cartel . . . we will release more damning evidence," and Daleiden stated that new videos will "continue to be released in the days and months to come." Those statements are sufficient at this stage to allege a claim for

14

unfair business practices, and the district court did not err in denying the motion to strike.

10. Defendants argue that Plaintiffs did not state a claim for conspiracy against Merritt because Plaintiffs did not plead with particularity Merritt's involvement in the creation or distribution of the fraudulent materials. Plaintiffs allege that Defendants organized a sham company, used the company to infiltrate NAF and Planned Parenthood conferences, and secretly recorded conversations with the purpose to injure Plaintiffs. Earlier in the complaint, Plaintiffs note that Merritt took part in the conspiracy to defraud by attending conferences under a fake name as the CEO of the sham company. Fed. R. Civ. P. 9. They allege that Merritt used the fake identification to infiltrate specific conferences and meetings. Those allegations are sufficient to implicate Merritt in the conspiracy and to survive a 12(b)(6) motion. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

We affirm the district court's conclusions that Plaintiffs sufficiently alleged their fifteen causes of action. [4]

**AFFIRMED.**

---

[4] Defendants' Motion for Judicial Notice is **DENIED**. Defendant's Motion to Strike portions of Plaintiffs' Opening Brief is **GRANTED**, but Defendants' request for the imposition of sanctions against Plaintiffs is **DENIED**.