FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D18-1792
_____

COREY SMILEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

August 16, 2019

ROWE, J.

Corey Smiley appeals his judgment and sentence, asserting that the trial court should have granted his motion to suppress statements recorded on the victim's cell phone. He claims that the statements should have been excluded under Florida's wiretap law because he had a reasonable expectation of privacy in statements he made as a guest in the victim's home, and his knowledge of the recording did not defeat that expectation. We disagree and affirm.

The victim is the mother of Smiley's two-year-old child. On the day of the altercation, the victim invited Smiley into her home. Smiley and the victim started arguing, and she began recording the argument on her cell phone. In the video, the victim positions the phone in front of Smiley's face. Smiley questions her about the

recording and tries to grab the phone more than once. Smiley shoves the victim and threatens to shoot her and their two-year-old child. The victim asks Smiley to leave her home multiple times. In the background, while Smiley and the victim argue, their child is seen lying on the bed. The victim claimed that after the recording ended, Smiley brandished a gun, so she grabbed the child and fled the home to seek help.

Smiley was charged with aggravated assault by threat with a deadly weapon and domestic violence battery. He moved to exclude the cell-phone video recording, arguing that the victim illegally recorded their conversation without his express or implied consent in violation of Florida's wiretap law. The trial court watched the video and concluded that Smiley knew he was being recorded and therefore could not show that he had an expectation of privacy in his statements. This timely appeal follows.

*Analysis*

A trial court's ruling on a motion to suppress is "clothed with a presumption of correctness and, as the reviewing court, we must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." *Brown v. State*, 247 So. 3d 86, 87 (Fla. 1st DCA 2018) (quoting *Murray v. State*, 692 So. 2d 157, 159 (Fla. 1997)). We therefore defer to the trial court's findings of fact that are supported by competent, substantial evidence and review de novo the application of the law to those facts. *State v. Dickey*, 203 So. 3d 958, 961 (Fla. 1st DCA 2016).

Smiley argues that his recorded statements were obtained in violation of Florida's wiretap law, which provides that with certain exceptions, it is unlawful to "[i]ntentionally intercept[ ] . . . any wire, oral, or electronic communication." § 934.03, Fla. Stat. (2018). Unless all parties to the communication consent, or the interception is otherwise authorized by law, an interception made in violation of the wiretap law is generally inadmissible as evidence in any trial or legal proceeding. § 934.06, Fla. Stat. (2018). When a communication has been unlawfully intercepted, the aggrieved party may move to suppress the contents of the interception or any evidence derived from it. *See* §§ 934.06,

2

934.09(10)(a), Fla. Stat. (2018). A party moving to suppress evidence obtained in violation of the wiretap law must show that the communications are the type of communications protected by the statutory exclusionary rule.

Not all oral communications recorded without prior consent are subject to exclusion under the wiretap law. "The statute protects only those 'oral communications' uttered by a person exhibiting an expectation of privacy *under circumstances reasonably justifying such an expectation.*" *State v. Inciarrano*, 473 So. 2d 1272, 1275 (Fla. 1985) (emphasis in original); *see also* § 934.02(2), Fla. Stat. (2018) (defining "oral communication" as "any oral communication uttered by a person exhibiting an expectation that such communication *is not subject to interception* under circumstances *justifying* such expectation" (emphasis added)). Thus, to support suppression of a communication under the wiretap law, the person who made the statement must show more than a subjective expectation of privacy. *Inciarrano*, 473 So. 2d at 1275. They must show that they have a *reasonable* expectation of privacy under the circumstances, which "depends on one's actual subjective expectation of privacy *as well as whether society is prepared to recognize that expectation as reasonable.*" *Id.* (emphasis in original). To exclude the statements at issue here, Smiley needed to show that he had a subjective expectation of privacy in his statements and that his expectation is one society would accept as reasonable.

Smiley argues that he had a reasonable expectation of privacy because he did not give the victim consent to record him with her cell phone and because his statements were made in the privacy of the victim's home, a place he frequently stayed. These arguments fail because competent, substantial evidence supports the trial court's finding that Smiley did not have a subjective expectation of privacy in his statements when he saw the cell phone in the victim's hand and knew that he was being recorded. The cell phone recording shows Smiley trying to snatch the phone from the victim's hand, and Smiley is heard making statements suggesting that he knew that he was being recorded. *Cf. McDade v. State*, 154 So. 3d 292, 298 (Fla. 2014) (finding a subjective expectation of privacy in statements when the recording device was hidden in victim's shirt); *LaPorte v. State*, 512 So. 2d 984, 986 (Fla. 2d DCA

1987) (finding a subjective expectation of privacy in models' statements because although they expected to be video-recorded in different types of clothing, they did not expect to be video-recorded during various stages of undress). Because the facts support a finding that Smiley knew he was being recorded, Smiley failed to show that he had a subjective expectation that his statements were "not subject to interception."

And even if Smiley did have a subjective expectation that his statements made in the victim's home were private, his statements would not qualify as "oral communications" protected under the wiretap law because any expectation of privacy under the circumstances of this case is not one society recognizes as reasonable. Although society generally recognizes as reasonable an expectation of privacy in conversations conducted in a private home, *Jatar v. Lamaletto*, 758 So. 2d 1167, 1169 (Fla. 3d DCA 2000), the reasonableness of that expectation presupposes that the speaker has permission to be there in the first place. That Smiley had frequently stayed at the victim's home does not automatically render reasonable his purported expectation of privacy on the day of the altercation. This is because on that day, while Smiley may have been invited to the victim's home as a guest initially, during the argument the victim demanded that Smiley get out of her house no less than nine times. At that point, Smiley's expectation of privacy, if any, was no longer reasonable or justified. *See, e.g.*, *McDade*, 154 So. 3d at 298 (explaining that the holding of *Inciarrano* was "based on the view that a trespasser cannot have a justified expectation that his utterances in the premises where he trespasses are not subject to interception").

Because Smiley did not have a reasonable expectation of privacy in statements he knew were being recorded and made after the victim asked him repeatedly to get out of her house, his statements were not "oral communications" subject to exclusion under Florida's wiretap law. Therefore, the trial court did not err in denying the motion to suppress. We AFFIRM Smiley's judgment and sentence.

JAY and M.K. THOMAS, JJ., concur.

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Dustin Dewrell, Shalimar, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.